BROWN DUCKSTAD and Others v. BOARD OF COUNTY COMMISSION-
ERS OF POLK COUNTY.[1]

July 2, 1897.

Nos. 10,671—(245).

**New Counties—Creation—Contiguous Territory.**
    Section 1, c. 143, Laws 1893 (G. S. 1894, § 621), providing for the creation and organization of new counties, construed, and *held*, that new counties to be created out of territory to be detached from a county already organized must be composed of contiguous territory, and leave the remaining part of the original county one contiguous portion of territory.

**Same.**
    *Held*, further, that the trial court rightly dismissed the contest in this matter, on the ground that, if Garfield county were established, it would divide the remaining territory of Polk county into two entirely separate parts.

[1] Reported in 71 N. W. 933.

Appeal by petitioners, electors of Polk county, from a judgment of the district court for Polk county, Ives, J., dismissing their petition contesting the result of the vote for the creation and organization of the proposed new county of Garfield.   Affirmed.

*Ira B. Mills, Frank B. Kellogg,* and *A. C. Wilkinson,* for appellants.

The fact that the organization of Garfield county would leave Nelson county separate from Polk county, and still a part of it, does not invalidate the organization of Garfield county.   State v. Pioneer, 66 Minn. 536.   The ruling of the trial court in this case has legislated into chapter 143, Laws 1893, as amended by chapter 124, Laws 1895, the provision that, where there are several propositions for the division of counties submitted to the electors at the same election and two of those propositions carry, and the effect is to leave part of the territory of the old county still remaining a part of the old county, but separated from it, only one of said new counties can be organized, even if they both receive a majority and a plurality of the votes cast.   The proposition is absurd upon its face.

*L. E. Gossman,* County Attorney, *H. Steenerson, A. R. Holston,* and *Wm. Watts,* for respondent.

A county is always a compact body of contiguous territory, and no state or territory in the United States has, in establishing counties, and fixing their boundaries, ever varied from this rule, by whatever authority the county has been created or established.

In so far as the proposed counties of Red Lake and Garfield tended, if both were carried, to segregate from Polk county the territory included in the proposed, but defeated, county of Nelson, they were both competing propositions; because, if either is defeated, the county remains contiguous and intact, and Garfield, having failed, though carried, to obtain a plurality over Red Lake county, is defeated.   State v. Board, 67 Minn. 352.

START, C. J.[2]

At the general election of 1896, six propositions for the creation and organization of as many new counties out of a portion of Polk county were submitted to the electors of the county, pursuant to

[2] BUCK, J., took no part.

Laws 1893, c. 143, as amended by Laws 1895, c. 124. The proposed new counties were to be known as Nelson, Hill, Red Lake, Garfield, Mills, and Columbia, respectively. There is here no contention but that the propositions as to Nelson, Hill, Mills, and Columbia were defeated. It is admitted that the proposition as to Red Lake carried, there being 942 votes for it, and 427 against it, and that it is now a duly and legally organized county. The proposition as to Garfield received 603 votes for it, and 608 votes against it, and was declared defeated. Thereupon this contest was instituted, upon the ground that illegal votes were cast against the proposition, which, if rejected, would leave a majority in favor of the proposition. On the hearing of the contest in the district court, it conclusively appeared that, if the proposed county of Garfield and the county of Red Lake were both established and organized, so much of the territory of Polk county (the parent county) as was included in the defeated proposition to establish the county of Nelson, some 14 townships, would be completely separated from the county seat and the remaining territory of Polk county by 12 or more miles in width of intervening territory of other established counties. The court thereupon dismissed the contest, and judgment was entered accordingly, from which the contestants appealed.

The decision of the trial court was right unless the law under which the propositions for the creation of these new counties were submitted (Laws 1893, c. 143) authorizes the establishment of a new county out of a part of the territory of an organized county, with boundaries so that the remaining territory of the original county will not be contiguous, or, in other words, unless the statute authorizes a new county to be formed in the center of an organized county, so as to completely separate the remaining territory of the latter, leaving a part thereof on each side of the new county. Because, if the statute is to be construed as requiring that a proposed new county must be composed of contiguous territory, and that the remaining territory of the parent county must also be left contiguous, it would be useless to pursue the contest in this case; for, whatever its result, the creation and organization of both Garfield and Red Lake counties would be a legal impossibility. If either of these propositions was defeated, and the other county organized, Polk

county would be composed of contiguous territory. If both counties were established, the proposition as to Nelson having been defeated, the result would be a division of the territory of Polk county into two completely detached parts. If this result is unauthorized, then, on the assumption that both the Red Lake and Garfield propositions received a majority vote, and only one can be established and organized, then these proposed counties were competitors for the right to be established, although not such for the same territory; and the Red Lake proposition having received a larger affirmative vote than the Garfield proposition, conceding to the latter all that it could possibly gain by this contest, it follows that Red Lake county, under the rule laid down in State v. Board, 67 Minn. 352, 69 N. W. 1083, was entitled to be established in preference to Garfield county, if but one could be legally established.

The pivotal question, then, to be decided, is whether the statute authorizing the creation and organization of new counties permits one or more new counties to be carved out of the territory of an organized county, so as to dismember the old county, and leave its territory in two or more completely separated parts, with a new county between them. The statute (Laws 1893, c. 143, § 1; G. S. 1894, § 621) reads thus:

"New counties may be created out of territory to be detached from one or more of the counties already organized, and the boundaries of such organized counties may be thereby changed, as hereinafter provided. But no new county so created shall contain less than four hundred square miles nor less than two thousand inhabitants; and no existing county shall, by the creation of any new county, be reduced in area to less than four hundred square miles, nor so as to contain a population of less than two thousand inhabitants."

This statute does not in terms require that the new counties shall be made up of contiguous territory, or that the territory left within the jurisdiction of the old county shall be left contiguous. The word "county" is used in this statute in its usual and accepted meaning, and with reference to the declared public policy of the state, from its beginning, that all counties shall be composed of contiguous territory, unless separated by navigable waters. The statute, then, must be construed so as to give to the word "county" such meaning, and also with reference to the rule that general terms of a statute

are subject to implied exceptions founded in the rules of public policy, and the maxims of natural justice, so as to avoid absurd and unjust consequences.    Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069; State v. Board, 67 Minn. 352, 69 N. W. 1083.    So construing this statute, the court holds that new counties which it authorizes to be created out of territory to be detached from a county already organized must be composed of contiguous territory, and the remaining part of the original county must be left one contiguous portion of territory.    It follows that the proposed new county of Garfield cannot be established and organized without a violation of the statute, and that the trial court rightly dismissed the contest for this reason.

Judgment affirmed.