STATE v. JACOB BARGE.[1]

January 15, 1901.

Nos. 12,415—(20).

City of Minneapolis—Ordinance relating to Saloons.

An ordinance of the city of Minneapolis relating to stalls, booths, or other inclosures in saloons construed, and *held*:

### Authority of City Council.

1. The city council had legislative authority, in its discretion, to enact the ordinance.

### Unreasonable Ordinance.

2. Courts have no power to declare an ordinance void because it is unreasonable, unless its unreasonableness is so clear as to indicate a mere arbitrary exercise of the power vested in the council.

### Implied Exceptions.

3. An ordinance, like a statute, may be subject to implied exceptions, founded in the rules of public policy and the maxims of natural justice, so as to avoid absurd and unjust consequences.

[1] STATE v. JOSEPH DUPONT.

STATE v. FRED LE PAGE.

STATE v. EUGENE RANDOLPH.

STATE v. HENRY ROSENTHAL.

STATE v. THOMAS LYONS.

January 15, 1901.[2]

Nos. 12,413, 12,414, 12,416, 12,417, 12,418—(18, 19, 21, 22, 23).

In each of the above entitled cases the court filed an opinion as follows:

PER CURIAM.

The questions presented by the record in this case are the same as those considered by the court in the case of State v. Barge, and for the reasons stated in the opinion in that case the order and judgment appealed from in this case are affirmed.

[2] Reported in 84 N. W. 911, 1116.

**Ordinance Valid.**

4. The ordinance forbids the keeping of any inclosure in, or connected with, any room wherein intoxicating liquors may be sold by a licensed dealer, which is or can, by any ingenuity or pretense, be used as a lounging or drinking place, or for any immoral purpose; that, so construed and limited, the ordinance is not unreasonable, but valid.

**Conviction Sustained by Evidence.**

5. The evidence sustains the judgment convicting the defendant of a violation of the ordinance.

Defendant was convicted in the municipal court of Minneapolis, Kerr, J., of a violation of the ordinance set forth in the opinion. From an order denying a motion for a new trial and also from the judgment of conviction, defendant appealed.  Affirmed.

*W. E. Dodge, Rome G. Brown, Charles S. Albert* and *Henry Gjertsen,* for appellant.

*Frank Healy, H. D. Dickinson* and *Kitchel, Cohen & Shaw,* for respondent.

START, C. J.

The common council of the city of Minneapolis is given, by the charter of the city, power to "license and regulate  *  *  *  all persons vending, dealing in or disposing of spirituous, vinous, fermented or malt liquors"; also, "full power and authority to make, ordain, publish, enforce, alter, amend or repeal all such ordinances for the government and good order of the city, for the suppression of vice and intemperance, and for the prevention of crime, as it shall deem expedient."  Sp. Laws 1881, p. 434, § 5.  On April 13, 1900, the common council of the city passed an ordinance, the here material parts of which are these:

"An ordinance regulating all persons vending, dealing in or disposing of spirituous, vinous, fermented or malt liquor in the city of Minneapolis.

"The city council of the city of Minneapolis do ordain as follows: Section 1. No licensed liquor dealer shall construct, build or maintain with screens, curtains or partitions of any kind, any stall, booth or other inclosure of any kind in or connected with any room or place in any building wherein any kind of intoxicating liquor is sold or disposed of by such licensed liquor dealer in the city of Minneapolis: provided, that nothing in this ordinance contained

82 M.—17

shall be construed to mean that a screen or partition cannot be maintained on the inside of the front door or entrance of a saloon or barroom."

Section 2 provides the punishment for a violation of the ordinance. Section 3 declares that the ordinance shall be in force from and after July 2, 1900. The defendant was on September 7, 1900, by the municipal court of Minneapolis, found guilty of a violation of this ordinance upon a complaint that the defendant did unlawfully "maintain, with board partitions, an inclosure commonly called a stall, booth, or wine room, in and connected with a room wherein intoxicating liquor was then and there sold and disposed of by him, * * * being then and there a licensed liquor dealer under the ordinances of said city, said room being then and there what is commonly called a barroom or saloon." The defendant made a motion for a new trial, which was denied, and judgment convicting him of the offense, and imposing upon him a fine of $25, was entered against him, and he appealed from the order and the judgment.

1. The defendant's contention first to be considered is to the effect that the city council was not authorized by the legislature to pass the ordinance in question. If the ordinance is not unreasonable, there can be no serious question as to the power of the council to enact it, and we hold the council was authorized, in its discretion, to enact the ordinance. The express legislative authority to "license and regulate * * * all persons vending, dealing in or disposing of spirituous, vinous, fermented or malt liquor" carries with it, by necessary implication, authority to the city council to regulate, by ordinance, the traffic in intoxicating liquors, and to impose upon it, and all persons engaged in it, such reasonable conditions and restrictions as to the time, place, and manner the business may be conducted as the council may deem necessary or expedient to conserve the peace, order, and morals of the city. City of St. Paul v. Troyer, 3 Minn. 200 (291); State v. Ludwig, 21 Minn. 202; In re Wilson, 32 Minn. 145, 19 N. W. 723.

In reaching this conclusion, we have not overlooked Sp. Laws 1887, c. 13, prohibiting the licensing of the traffic in intoxicating liquors within certain specified territory of the city of Minne-

apolis. This statute in no manner limits the power of the council previously granted to regulate the traffic outside of the prohibited district.

2. The defendant also contends that the ordinance is arbitrary, oppressive, and unreasonable; hence it is void.

Courts have no power to declare an ordinance void for the reason urged, unless its unreasonableness is so clear, manifest, and undoubted as to amount to a mere arbitrary exercise of the power vested in the legislative body. Knobloch v. Chicago, M. & St. P. Ry. Co., 31 Minn. 402, 18 N. W. 106. Now, in order to determine whether the ordinance in question is unreasonable within this rule, it is necessary first to find out what it means; that is, construe it. Ordinances, like statutes, must be construed in a reasonable and common-sense way, so as to give effect to the purpose of the legislative body in enacting them. It is not permissible to give to an ordinance a strained and unreasonable construction for the purpose of declaring it void; for if it may be fairly construed in either of two ways, one of which will render it valid and the other void, the former must be adopted. State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Sheppard, 64 Minn. 287, 67 N. W. 62; State v. Schoenig, 72 Minn. 528, 75 N. W. 711. Again, the general terms of a statute or ordinance may be subject to implied exceptions founded in the rules of public policy and the maxims of natural justice, so as to avoid absurd and unjust consequences; for it must be presumed that the legislature did not intend such results. Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069; Duckstad v. Board of Co. Commrs., 69 Minn. 202, 71 N. W. 933; Sutherland, St. Const. § 246.

The defendant, as a basis for the claim that the ordinance is void because it is unreasonable, construes the words, "or other inclosure," in the ordinance, as including every inclosure in the .room covered by the license, including those which are not capable of a wrong use, but which are necessary to the legitimate prosecution of the liquor traffic, such as the bar, cigar counter, telephone inclosure, and toilet room. The ordinance forbids a licensed liquor dealer to maintain—that is, to keep—"any stall, booth or other inclosure of any kind in or connected with" the room covered by

his license. It is reasonably clear, and we so hold, that the rule of ejusdem generis applies to the words "or other inclosure," and that they include only such inclosures as are of the same kind as stalls and booths, with screens, curtains, or partitions, in any room wherein intoxicating liquor is sold by a licensed dealer. Ott v. Great Northern Ry. Co., 70 Minn. 50, 72 N. W. 833. Except for the proviso of the ordinance, it would be entirely clear that the words "or other inclosure" are used as the legal equivalent of "or other such like inclosure." It is possible to construe the proviso as excluding, by necessary implication, from the room covered by the license, every screen or partition, except one at the front door or entrance to the saloon. But when the ordinance is considered as a whole, and with reference to the purpose of its enactment, we are satisfied that the construction we have given to the words "or other inclosure" is the correct one.

This brings us to the question as to the scope and meaning of the words, "stall, booth, or other [such like] inclosure," as used in this ordinance. These words must be interpreted with reference to the general legislative policy of the state as to the regulation of the liquor traffic and the evils sought to be corrected by the ordinance. The localization of the business of selling intoxicating liquors at retail, and the giving to it the greatest publicity which is practicable, are the most efficient means for its regulation and policing. Such is the declared policy of the law, which requires that all licenses shall contain a description of the room where such liquors are to be sold, and forbids the selling of liquor other than at the room named in the license. The licensee must also give a bond not to sell at any place other than the room named in the license. G. S. 1894, §§ 2018, 2026. The word "room" is used in these sections of the statute in its ordinary sense, as meaning a single inclosure separated by partitions or other means from the other parts of a building. Now, if the room named in the license may be subdivided into inclosed drinking rooms, booths, or stalls, the declared policy and purposes of the law may be thereby wholly defeated. Nor is this all. It is a fact, of which we may take judicial notice, that opportunities for men and women, old or young, to lounge, drink, and carouse in secrecy, free from the

observation of the police and of all other persons, are demoralizing in the extreme, and directly tend to drunkenness, licentiousness, and the corrupting of unwary youth. The existence of any drinking booth, stall, or other like inclosure, with screens, curtains, or partitions, within the room named in a license for the sale of intoxicating liquors, affords just such opportunities.

The ordinance in question was intended to give effect to the general legislative policy of the state, of localization and publicity for the business of retailing intoxicating drinks, and to prevent the evils incident to secret lounging and drinking places, and it must be construed so as to give effect to such intentions. If so construed, and the words, "stall, booth, or other inclosure," be limited to inclosures which are or may be used as lounging or drinking places or for any immoral purpose, the ordinance is neither unreasonable nor unjust, but, if construed so as to include innocent and necessary inclosures, it would be otherwise. We therefore hold that the ordinance forbids the construction or the keeping of any booth, stall, or other inclosure, in or connected with any room or place wherein intoxicating liquor is or may be sold by a licensed dealer, which is or can, by any ingenuity, sham, or pretense, be used as a lounging or drinking place, or for any immoral purpose. So construed and limited, the ordinance is not unreasonable, but valid.

3. The defendant further claims that, even if the ordinance be valid, the evidence given by the prosecution on the trial is not sufficient to support the judgment convicting him of a violation of the ordinance, for the reason that there was no evidence that the defendant sold any intoxicating liquor at the time or place alleged, or that any booth or stall was maintained by him in, or connected with, any room wherein liquor was licensed to be sold. The gist of the offense was not the selling of intoxicating liquor in the booth or stalls, but it was the permitting the existence of the stalls; that is, keeping them in the licensed room. While the evidence tended to show that some of the inclosures maintained by the defendant, such as the telephone booth, the toilet, and linen rooms, were innocent and necessary inclosures, yet the evidence is plenary that he kept other inclosures in the licensed room which

were adapted for use as secret lounging, drinking, and immoral places. The judgment is amply supported by the evidence.

4. The defendant assigns as error the ruling of the trial court in excluding evidence offered by him tending to show the value of the fixtures in the room described in the complaint and the damages he would sustain if required to remove them. There is no merit in the assignment. The ordinance is a valid exercise of the power of the council to regulate the business in which he voluntarily engages, and whatever fixtures he places in the licensed room are subject to such power of the council. Kansas v. Ziebold, 123 U. S. 623, 8 Sup. Ct. 273.

Order and judgment affirmed.