STATE ex rel. PETER BERRY v. G. A. MERRILL.[1]

May 17, 1901.

Nos. 12,626—(53).

### Habeas Corpus—Appeal—Certificate of Clerk of District Court.

An appeal from an order by a court commissioner in habeas corpus proceedings may be certified to this court by the district clerk, under Laws 1895, c. 327, which gives this court jurisdiction in such proceedings.

### Same.

Such appeal may be heard on the record returned, where the certificate of the district clerk shows all proceedings had therein; and, when no application is made for hearing of evidence in this court, such appeal will be disposed of upon the certified return of the clerk.

### Superintendent of State Public School.

Where the superintendent of the public school at Owatonna is the respondent in habeas corpus proceedings to inquire into his detention of a minor child committed to that school, he is an aggrieved party authorized to take an appeal and be heard thereon in this court, under Laws 1895, c. 327.

[1] Reported in 86 N. W. 89.

**Same—Detention under Laws 1897, c. 210.**

Where the return of the state superintendent to the writ in such a case shows that his detention of a female minor child is based upon a finding of the probate court that she possessed proper qualifications of age, health, and intelligence; that she was neglected; that her mother is hopelessly insane and detained in the state hospital; that her father is unable to and does not care to support her, in consequence of which she is on the street, and in peril of health and morality,—the order of the probate court committing such waif to the public school is valid, and justifies her detention by the superintendent of that institution, under Laws 1897, c. 210, § 3.

Writ of habeas corpus issued by the district court for Steele county and directed to G. A. Merrill, as superintendent of the state public school at Owatonna. From an order, C. J. O'Brien, court commissioner, discharging Adelphine Berry, daughter of relator, from said school and from the custody of the superintendent thereof, G. A. Merrill appealed. Reversed.

*Wheelock & Sperry* and *P. McGovern,* for appellant.

*John Moonan,* for respondent.

LOVELY, J.

Appeal in habeas corpus proceedings instituted before the court commissioner of Steele county, who ordered the discharge of Adelphine Berry, an inmate of the state public school at Owatonna, detained there by its superintendent, who appeals to this court from the order of discharge. The return to the writ shows that the petition was made by the father of Adelphine, a minor under the age of fifteen years when committed to the state school by the probate court of Hennepin county, whose findings of fact embraced in the order of commitment, under respondent's claim, do not comply with Laws 1897, c. 210, § 6. Appellant caused to be certified to this court by the clerk of the district court of Steele county, where the proceedings in habeas corpus occurred, true copies of the petition for the writ, the writ, and return of the respondent, which contains all that is necessary for the determination of every question raised on this appeal, under the provisions of Laws 1895, c. 327.

While the certificate of the clerk was not printed in the paper

book, our attention was not called to that fact until the oral argument. Under such circumstances, it is too late to consider this irregularity, which should have been suggested by a previous motion to require a full compliance with rule 9, subd. 2. The certificate is in the return, and we shall disregard the irregularity.

We are also of the opinion that this appeal is properly before us for review, under Laws 1895, c. 327. While several provisions of chapter 327 confer jurisdiction upon this court to hear and determine habeas corpus proceedings, section 3 of the act provides that

"The said appeal shall be tried in the supreme court in the same manner as if the original writ of habeas corpus had been granted and issued out of that court, and upon such hearing said court shall make and give final judgment therein."

We think that these provisions, properly construed, provide for an appeal when the record comes here under certificate of the district clerk, and it is probable in case of such appeal that an application may be made therein to this court for an order to hear and return evidence, which order can be made after the appeal is taken, if necessary, as one of the intermediary steps in the exercise of the jurisdiction which is conferred by the act of 1895. But in this case no request was made to have evidence heard here, or returned by a referee appointed therefor, and the disposition of this appeal must be made upon the certified return of the district clerk.

As a preliminary question, it is urged for the relator, the father of the minor, that the superintendent of the state school had no right to prosecute this appeal, under Laws 1895, c. 327, § 1, which provides that the party feeling aggrieved by any final order of the district court, district judge or court commissioner, may bring the case into this court for the hearing on habeas corpus proceedings, the contention being that, under the terms of the act providing for the government of the state public school, the school

"Shall be maintained by the state as a state institution, and the general supervision and government of said school shall be vested in a board of control to consist of three members,"

Whereby, under the claim of relator, such board of control, and not the superintendent, is the aggrieved party, authorized to conduct the appeal provided for in chapter 327, supra. This objection is not worthy of very serious consideration. The petition for the writ shows that the respondent had the personal custody of the minor, prays that the writ of habeas corpus may be directed to such superintendent, and the writ was directed to him. He is thus directly made a party on the record to the proceedings. The order of the court commissioner discharging the minor was directed to the appellant, as was proper; for, under the general act providing for the organization and conduct of the state school, the board of control are required to

"Appoint a superintendent and such other officers and employees as shall be necessary to efficiently transact the business and properly care for and educate the children of said school." Laws 1897, c. 210, § 2.

Thus, by the showing of the petitioner, the respondent has the control of the person of the minor, which is now the subject of legal inquiry. He is required by the proceedings to show cause why such custody is retained, and thus directly made responsible to answer to the law therefor, as well as to the board of control for his acts in obedience to a legal order of discharge. The respondent is undoubtedly within the reasonable contemplation of the statute as the aggrieved party and a proper person to prosecute this appeal.

This brings us directly to the real question at issue, viz., the validity of the commitment by the probate court of Hennepin county and, inferentially, whether such commitment contains sufficient findings of fact to justify the detention of the minor. The statute provides, in terms, that, to authorize such commitment, the probate court shall find that the said child is of sound mind and free from disease,

"And (a) Dependent on the public for support, or (b) Neglected and in a state of habitual idleness, vagrancy or mendicity, or (c) Ill treated, so that life, health or morality is imperiled by reason of the habitual intemperance, grave misconduct, or continued personal injury of their parents or guardians." Laws 1897, c. 210, § 3.

The probate court found that the minor children of Peter Berry, the relator (four being committed at the same time, of whom Adelphine was one), were of the suitable age, health, and intelligence required by the statute; also that they were dependent upon charity for support; that the mother was an inmate of the state insane hospital; the father was unable to support, and does not care to support, his said children, and in consequence the said children are on the street, and in peril of health and morality, also that the father gave his written consent to the commitment of the said children to the state school.

While this finding does not justify the conclusion that the minor child was "a public charge," we are clear that it does follow from the conclusions that she was neglected (another specific ground of commitment), when considered in connection with the further fact found that the father is unable to, and does not care to, support the minor, and in consequence she is on the street, and in peril of health and morality, which brings the case within a reasonable scope of the statute authorizing her detention at such school. It is elementary that, in considering the return upon habeas corpus proceedings, no narrow and technical construction of the commitment, or the grounds upon which it is issued, is to be indulged in behalf of the petitioner. A showing on return is sufficient if it discloses the fact that, within the spirit and general purview of the law, the custody is legal.

The obvious purpose of the law which confers the authority to receive, care for, clothe, nourish, and educate the unfortunate and abandoned waifs of this state is of the most humane and benignant character. Its object was to save the unfortunate children of the state from actual want, as well as to protect them from the baneful influence upon health and morality of the streets, and endow them with the benefits of a considerate and enlightened guardianship, which otherwise they would not enjoy. The object of the statute authorized the detention of the minor child in the public school, under the facts found by the probate court, and, within the spirit and letter of the law, forbade the relegation of such custody to the father, who had neglected her. It follows that the control of the child by the respondent was legal, and the

order of the court commissioner discharging Adelphine Berry from the custody of appellant is reversed. The cause is remanded, with directions that she remain under the guardianship of the state public school at Owatonna, and the control of respondent.

Order reversed.