STATE v. JOSEPH J. McGREGOR (First Case).[1]

December 12, 1902.

Nos. 13,229—(13).

### Intoxicating Liquor—Booth in Saloon.

A city ordinance prohibited the construction and maintenance of stalls, booths, or other inclosures of any kind, with screens, curtains, or partitions of any kind, in or connected with any room or place wherein intoxicating liquors were licensed to be sold. The licensed room, in which was conducted a saloon, was seventy-five feet long and nineteen feet wide, at the rear of which was cut off by a wooden partition a room nineteen feet square, in which were kept tables and chairs. In the center of the partition was a permanent opening, without a door, screen, or curtain, three feet and ten inches wide, by six feet and eight inches high. *Held*, such room was an inclosure, within the spirit and meaning of the ordinance.

Defendant was convicted in the municipal court of Minneapolis of violation of a city ordinance regulating the sale of liquor, and sentenced to pay a fine of $100 or to be imprisoned for ninety days. From the judgment of conviction and from an order denying a new trial, Holt, J., defendant appealed. Affirmed.

*A. P. Loomis* and *Thomas Kneeland*, for appellant.

*Frank Healy* and *L. A. Dunn*, for respondent.

LEWIS, J.

The defendant was the licensee, proprietor, and manager of a saloon in Minneapolis, which consisted of a room seventy-five feet long and nineteen feet wide. A wood partition, reaching to the ceiling, was extended across this room to a point nineteen feet from the rear, thus cutting off a back room nineteen feet square. In the center of this partition was left an open doorway, three feet ten inches wide by six feet eight inches high, and no door or curtain was hung at this opening. Over the doorway was a sign reading: "Free Entertainment. Get Tickets at the Bar." At the rear of the room, back of the partition, a door opened into a narrow alley, and a stairway led up to a balcony about nine feet.

[1] Reported in 92 N. W. 509.

above the rear room, in which were kept a piano and some chairs; and the whole balcony was so constructed as to be exposed to the view of the greater part of the back room on the first floor, which contained tables and chairs. Standing in the partition doorway, a person could see every part of the back room and look up into the balcony, but in the absence of artificial light the place was dimly lighted. This rear room and balcony were maintained and operated by defendant as a part of the saloon premises, and were habitually used by patrons of the place for the purpose of drinking intoxicating liquors.

The question before the court is whether the maintaining of the partition across the room in the manner stated was in violation of an ordinance which prohibited the construction and maintenance of stalls, booths, or other inclosures of any kind, with screens, curtains, or partitions of any sort.

This case is controlled by the decision in State v. Barge, 82 Minn. 256, 84 N. W. 911. Appellant has attempted to distinguish the present case upon the ground that the words "or other inclosure," as construed in the Barge case apply only to a room or inclosure of the same size as a booth or stall is ordinarily understood to be; that is, such a room as was under consideration in that case, viz., small compartments partitioned off, containing a table and chairs, and only large enough to accommodate four or five persons, wherein they might be shut up by themselves. The room in question here was nineteen by nineteen feet, with chairs and tables for the accommodation of the patrons of the saloon, and, it is urged, does not come within such class of compartments.

There was no intention to limit the application of the ordinance to rooms or compartments of the same size as those under consideration in the Barge case, although some stress was laid upon what was ordinarily termed a "stall" or "booth," but it was for the purpose of meeting the objection that the ordinance was unreasonable. The reasoning of the court, in part, is set forth in the following language: "These words must be interpreted with reference to the general legislative policy of the state as to the regulation of the liquor traffic, and the evils sought to be corrected by the ordinance. * * * The word 'room' is used in these sec-

tions of the statute in its ordinary sense, as meaning a single inclosure separated by partitions or other means from the other parts of a building. Now, if the room named in the license may be subdivided into inclosed drinking rooms, booths, or stalls, the declared policy and purposes of the law may be thereby wholly defeated. Nor is this all. It is a fact, of which we may take judicial notice, that opportunities for men and women, old or young, to lounge, drink, and carouse in secrecy, free from the observation of the police and of all other persons, are demoralizing in the extreme, and directly tend to drunkenness, licentiousness, and the corrupting of unwary youth. The existence of any drinking booth, stall, or other like inclosure, with screens, curtains, or partitions, within the room named in a license for the sale of intoxicating liquors, affords just such opportunities."

If the inclosure is of such a nature that it may be used as a lounging place, where the parties may, to some extent, if not entirely, be cut off from the view of the main part of the saloon, it is within the spirit of the ordinance. To state it broadly, the object of the ordinance is to entirely do away with separate rooms, booths, stalls, or compartments, be they large or small, which may be used for the purpose of concealing or protecting persons engaged in drinking intoxicating liquors or other unlawful purposes. The result is not affected in the least by the fact that no door or curtain was hung at the opening. The partition was sufficient to conceal, in whole or in part, persons occupying the back room, and that alone is sufficient. The fact that the balcony was used as a place of amusement has nothing to do with the question.

Judgment affirmed.