NORA ARMSTRONG v. BOARD OF CONTROL OF STATE PUBLIC SCHOOL and Another.[1]

January 23, 1903.

Nos. 13,336—(177).

**State Public School—Control of Minors.**

The authority of the officers of the state public school over the person of infants committed to their guardianship under Laws 1897, c. 210, continues during the minority of the infants, unless sooner relinquished by voluntary act of the officers, and is superior to the rights of a guardian either previously or subsequently appointed.

**Release of Infants.**

Whether an infant so committed to such school shall be released therefrom prior to its arrival at majority rests in the sound judgment and discretion of the school officers, who are clothed with power to act in that behalf by the terms of the statute under which such commitments are made, with the exercise of which discretion the courts will not interfere.

Action in the district court for Waseca county to restrain defendants, board of control of the state public school and G. A. Merrill, its superintendent, from taking Delphine Berry, a minor,

[1] Reported in 93 N. W. 3.

from the possession of plaintiff, her legal guardian, and from assuming the custody and control of said minor. The case was tried before Buckham, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John Moonan*, for appellant.

*P. McGovern*, for respondents.

BROWN, J.

Appeal from an order denying a motion for new trial, after trial by the court below and judgment for defendants. The facts are as follows: Delphine Berry, an infant under the age of fifteen years, was on May 27, 1898, upon petition of members of the board of county commissioners of Hennepin county, with the consent of her father (the mother being insane), duly and regularly committed by the probate court of that county to the guardianship and custody of the board of control of the state public school at Owatonna, under and pursuant to the provisions of Laws 1897, c. 210. Subsequent thereto, and on the petition of her father, the court commissioner of Steele county, where the school in question is located, on habeas corpus, released and discharged her from the control of the school on the ground that the commitment was irregular and unauthorized. An appeal was taken from that order, and we held (State v. Merrill, 83 Minn. 252, 86 N. W. 89) that the commitment was in all things regular and in accordance with the requirements of the statutes on the subject; and the order of the court commissioner was reversed, and the infant remanded to the custody and care of the school. Plaintiff in this action was thereafter appointed by the probate court of Waseca county, where the child then resided, guardian of her person and property; and this action was brought to restrain and enjoin the defendant board of control and Merrill, the superintendent, from resuming custody of the infant and returning her to the school. The trial court found the facts substantially as stated, and, as conclusions of law, that plaintiff was not entitled to the relief prayed for. Judgment was ordered accordingly.

We are of opinion that the court below correctly disposed of the case. The legislature intended, by the enactment of the stat-

ute under which the commitment in question was made, to provide for the suitable care and education of dependent and neglected children of the state, those who are waifs upon the streets, destitute, neglected, surrounded by immoral associations, and likely to become criminals, or suffer for the wants and necessities of life, if not properly and humanely cared for. The intention, which is clearly shown by the terms of the statute, was that, when once committed to the care and guardianship of the school, the infant should continue an inmate thereof during its minority, unless the board in charge of the school should sooner voluntarily relinquish and surrender its control to a suitable person willing to adopt, rear, and educate the child.

Whether one committed to the care and custody of the school should be released prior to arriving at its majority is a matter resting in the sound discretion of the school board,—a department of the executive branch of the government,—with the exercise of which the courts have no jurisdiction to interfere or intermeddle in any way. Mechem, Pub. Off. § 945, and cases cited. The object of the statute is to provide a home for dependent, neglected, or ill-treated children until they can be placed in family homes, and the duration of their restraint is left to the sound judgment of the board of control; the best interests of the children being uppermost and always consulted. The board is made the legal guardian of such children, which guardianship continues during their minority, unless sooner dissolved by action of the board, and is superior to the rights of parents or other guardians, either previously or subsequently appointed. It is expressly provided that, upon the commitment of an infant to the school, its parents shall be released from all parental duties toward and responsibility for it, and thereafter shall have no rights over it or to its custody, services, or earnings, except such as the board may, as therein provided, restore to them. It further provides that any parent, guardian, or other person who shall abduct, conceal, entice away, or improperly interfere with a child placed by the probate court in such school is guilty of a misdemeanor.

The contention of appellant is that, as she was appointed guardian subsequent to the commitment to the school, her right to the

custody and control of the child is superior to that of defendant; but a complete answer to this contention is found in the provisions of the statute, the substance of which we have just stated. To sustain her position in this respect would be to strike a fatal blow at the efficiency of the school, and the ability of the board in charge thereof to carry out the beneficent purposes intended by the legislature in the passage of the statute. Though, under the general statutes, an infant may, on arriving at the age of fourteen years, name its own guardian, and procure the appointment of the person so named, such right is subject and inferior to the rights and duties imposed upon defendants by the statute under consideration. Until the board in charge of that school, upon proper showing made before it, deems it proper to release and relinquish its authority, all other guardians, whenever appointed, have no right to interfere with its custody and control of the child.

The proper tribunal before which to present the very earnest appeal made by appellant in this court is the board of control at Owatonna. It was found as a fact by the trial court that plaintiff and her husband were suitable persons to have the care and education of the child in question, and that they possess ample means to rear her in a suitable manner and to provide her with all the comforts of life; but this is a matter for the board below to consider, and not the courts.

Whether the court would have jurisdiction to interfere and discharge the child from the school in any case,—as, for instance, if such a state of facts as to its treatment by the officers of the school is shown as would require the court to take the child from its parents for similar treatment, and commit it to the school,— we do not determine.

The order appealed from is affirmed.