### STATE v. L. E. BROWN.[1]

February 19, 1909.

Nos. 15,962—(29).

**Wineroom Ordinance.**

A licensed saloon keeper cannot evade the wineroom ordinance of the city of Minneapolis by renting a part of the room covered by his license to a third party, so arranged that it may be used as a wineroom in connection with his bar.

Defendant was convicted in the municipal court of Minneapolis of violating the wineroom ordinance of that city. The case was tried before Waite, J., who found defendant guilty and imposed a fine of $25 or imprisonment in the city workhouse not exceeding thirty days. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John M. Rees,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the State.

START, C. J.

Appeal by the defendant from an order of the municipal court of the city of Minneapolis, denying his motion for a new trial after his conviction of a violation of the wineroom ordinance of the city. The contention of the defendant is to the effect that the evidence is not sufficient to justify his conviction.

[1] Reported in 119 N. W. 657.

The record discloses evidence tending to show the facts following: On the day named in the complaint the defendant was conducting a licensed saloon for the sale of intoxicating liquors on the first floor of the premises known as No. 110 Third Street South, Minneapolis, which is one hundred by twenty feet. A board partition, some eight feet high, but not reaching to the ceiling, ran across the room about sixty feet from the front, with a doorway, without any door, four feet wide in the center of the partition, and back of this opening was a screen, so that no one could see from the front inclosure into the rear one. There was a door leading from the alley into the rear room, and from it to the bar. The front room was used by the defendant for the saloon proper; but the rear part was rented by the defendant to a third party, in which he conducted a restaurant. Men and women, twenty five or thirty of them at times, came into this rear room, sat around the tables, and drank liquors brought to them by the waiters from the bar in the front room.

It is urged on behalf of the defendant that the fact that the rear inclosure was rented to a third party distinguishes this case from State v. Barge, 82 Minn. 256, 84 N. W. 911, 53 L. R. A. 428, and State v. McGregor, 88 Minn. 74, 92 N. W. 509, because, as it is claimed, the defendant had no control of the rear room.

The defendant was bound to control the premises covered by the license, and could not evade responsibility by surrendering such control by leasing a part of the premises, so arranged as to be admirably adapted for use as a wineroom in connection with the bar. This case cannot be distinguished from those cited, except that it is a more aggravated one; and we hold that the evidence is sufficient to warrant the defendant's conviction.

Order affirmed.