### STATE v. I. S. KLEIN.[1]

#### February 19, 1909.

#### Nos. 16,040—(271).

**Wineroom Ordinance.**

State v. Barge, 82 Minn. 256, and State v. McGregor, 88 Minn. 74, construing the so-called wineroom ordinance of the city of Minneapolis, followed.  The admitted facts herein sustain the conviction of the defendant of a violation of the ordinance.

Defendant was charged in the municipal court of Minneapolis of violating the wineroom ordinance of that city.  The case was tried on stipulated facts before Waite, J., who ordered that defendant pay a fine of $25, or in default thereof be imprisoned in the city workhouse not exceeding thirty days.  From an order denying defendant's motion for a new trial, he appealed.  Affirmed.

*John H. Steele* and *John P. Nash,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the State.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of the offense of maintaining an inclosure, commonly called a wineroom, within a room covered by his license, for the sale

[1] Reported in 119 N. W. 656.

of intoxicating liquors therein, contrary to the city ordinance in such case made and provided. He appealed from the judgment, and here seeks a reversal thereof on the ground that the admitted facts in this case do not bring it within any reasonable construction of the ordinance.

The here material facts are to the effect following: The defendant maintains in the city of Minneapolis a licensed saloon, known as the first floor of Nos. 36 and 38 Sixth Street south, wherein intoxicating liquors are sold at retail. Both numbers constitute one room, as designated in and covered by his license. In the front part of the licensed room he maintains another and connecting room or inclosure, with a direct entrance from the street, which is also used as one of the street entrances to the main part of the room, or saloon proper. This connecting room is fitted up with tables and seats sufficient to accommodate fifty-eight persons. Meals are served in the room to men and women during business hours. Liquors are also served therein, with such meals or without them. No minors are allowed in the room, and no intoxication permitted, nor is lounging or immorality tolerated therein; some member of the management being constantly present. This room is also kept, at all times when the saloon is opened for business, fully lighted and open to the public, including the police officers of the city.

The sole question for our decision is whether the admitted facts are sufficient to establish a violation of the ordinance. The ordinance here in question has been construed by the court. We held that the ordinance was intended to give effect to the general legislative policy of the state, of localization and publicity for the business of retailing intoxicating drinks, and to prevent the evils incident to secret lounging and drinking places, and it must be construed so as to give effect to such intention. We therefore hold that the ordinance forbids the construction or the keeping of any booth, stall, or other inclosure, in or connected with any room or place where intoxicating liquor is or may be sold by a licensed dealer, which is or can, by any ingenuity, sham, or pretense, be used as a lounging or drinking place, or for any immoral purpose. State v. Barge, 82 Minn. 256, 84 N. W. 911, 53 L. R. A. 428. And, further, that if the inclosure is of such a nature that it may be used as a lounging place, where the parties may, to some

extent, if not entirely, be cut off from the view of the main part of the saloon, it is within the spirit of the ordinance.

To state it broadly, the object of the ordinance is to entirely do away with separate rooms, booths, stalls, or compartments, be they large or small, which may be used for the purpose of concealing or protecting persons engaged in drinking intoxicating liquors or other unlawful purposes. State v. McGregor, 88 Minn. 74, 92 N. W. 509.

If the ordinance was directed against the manner of conducting such rooms or inclosures, the defendant, upon the admitted facts, clearly would not be guilty. But such is not the purpose of the ordinance, for it is directed against maintaining within a licensed room another room or inclosure where intoxicating liquor is or may be drunk, or which is or may be used as a lounging or secret drinking place, or for any immoral purpose. The ordinance is a wholesome police regulation, intended to remove from all licensed saloons the means or opportunity for secret drinking or immoral practices, by preventing the sales of intoxicating liquors except in the open room covered by the license. This purpose of the ordinance would be defeated if the manner in which the inclosure within the licensed room was conducted were adopted as the test of the guilt or innocence of the defendant in each particular case instead of the nature of the inclosure and the purposes for which it may be used.

It is clear that the maintenance by the defendant of the inclosed room in this case within the licensed room is prohibited by the ordinance as we have and do construe it.

Judgment affirmed.

BROWN, J., dissents.

JAGGARD, J. (dissenting).

I dissent. The ordinance should be reasonably interpreted so as to effectuate the apparent legislative intent. The construction placed on it by the majority opinion is unreasonable, and if logically followed would prohibit a bar in a hotel renting rooms to guests. The purpose of the ordinance was to prevent "the wineroom evil." The room here involved did not make possible the sale of liquors in secret apartments; and its use did not violate the plain intent of the ordinance.