## STATE v. THOMAS F. LALLY.[1]

June 25, 1909.

Nos. 16,171—(27).

**Wineroom—Evidence.**

The defendant was convicted of the offense of maintaining a wineroom in violation of the ordinance in the city of Minneapolis. *Held,* that upon the evidence the trial court was justified in finding the defendant guilty.

Defendant was convicted in the municipal court of Minneapolis, of maintaining a wineroom in violation of the city ordinance. From a judgment, Charles L. Smith, J., imposing a fine of twenty-five dollars or imprisonment not to exceed thirty days, defendant appealed. Affirmed.

*Dodges & Tautges,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the State.

ELLIOTT, J.

The defendant was convicted in the municipal court of the city of Minneapolis of the offense of maintaining and keeping a wineroom, in violation of the ordinance of that city passed April 13, 1900 (Charters and Ordinances of 1905, p. 685), and from the judgment of the court entered thereon appealed to this court, where he contends that upon the admitted facts he was not guilty of a violation of the ordinance.

This ordinance has been several times before this court, and its scope and purpose have been fully determined. State v. Barge, 82 Minn. 256, 84 N. W. 911, 53 L. R. A. 428; State v. McGregor, 88 Minn. 74, 92 N. W. 509; State v. Klein, 107 Minn. 184, 119 N. W. 656. The very recent decision in the Klein case renders further discussion of the law unnecessary. It was there stated that the

[1]Reported in 122 N. W. 13.

ordinance "is directed against maintaining within a licensed room another room or inclosure where intoxicating liquor is or may be drunk, or which is or may be used as a lounging or secret drinking place, or for any immoral purpose. The ordinance is a wholesome police regulation, intended to remove from all licensed saloons the means or opportunity for secret drinking or immoral practices, by preventing the sales of intoxicating liquors except in the open room covered by the license." This statement must, of course, be read in connection with what had already been held in the Barge and McGregor cases, that necessary inclosures, such as office, telephone, and toilet rooms, are unobjectionable.

We have, then, simply to apply the law to the facts of this case. The appellant conducts a licensed saloon at No. 312 First Avenue South, in the city of Minneapolis. The arrangement of the room and its various compartments and inclosures are shown by the following diagram, which was used as an exhibit in the case: [see next page.]

The state's case rests upon the existence of the small room between the end of the bar and the dining room, which is here designated as the "butler's pantry." The appellant claims, and his evidence tends to show, that this room was intended to be used, and in fact was used, for and as a kind of cover for the entrance to the stairway which leads to the basement kitchen, and as a place for depositing food and dishes on the way to and from the kitchen. There was also a telephone in the room, and the defendant admitted that it was occasionally occupied by himself and his invited guests for purposes of dining and drinking; but the state's witness testified that when he visited the saloon "there was a big table in the center of the room, and there were six or eight persons sitting around the table drinking at the time."

While the nonuse of a booth or inclosure for improper purposes is not conclusive as to its right to exist, the actual use of such a place for the forbidden purposes is certainly evidence of its adaptibility for such use. An examination of this plan shows that the so-called butler's pantry was certainly capable of uses which the ordinance is designed to prevent, and under rules stated and applied in State v. Klein we cannot say that on the evidence the trial court was not legally

justified in finding the defendant guilty of a violation of the ordinance. If the partitions which inclose this pantry were removed, or so arranged as to allow a clear and unobstructed view between dining room and bar room, there could be no legal objection to the maintenance of the bar and dining room in what would then be but one room.

Judgment affirmed.

JAGGARD, J., dissents.