STATE OF MINNESOTA *ex rel.* A. D. Keyes *vs.* THOMAS S. BUCKHAM.

October 23, 1882.

**Habeas Corpus—Appeal.**—An order discharging a person brought up on a writ of *habeas corpus* may be brought to this court for review by appeal, but not by *certiorari.*

On the return to a writ of *habeas corpus,* allowed for the relief of one Shaw, in confinement under a judgment of a justice of the peace, and after argument, the respondent, as judge of the district court for Rice county, made an order discharging Shaw from custody. Thereupon the relator, as county attorney, sued out a writ of *certiorari.*

*A. D. Keyes,* relator, *pro se.*

*J. B. & T. H. Quinn,* for respondent.

BERRY, J.  A proceeding in *habeas corpus* is a special proceeding, not only because it is not an ordinary civil action, but because it is so expressly classified in our statutes.  Gen. St. 1878, *c.* 80, tit. 3. An order discharging a person brought up on a writ of *habeas corpus* is a final order, because it fully disposes of, and makes an end of, the proceeding in which it is made.  It follows that such order may be brought to this court for a full review by appeal, under Gen. St. 1878, *c.* 86, § 8, which, *inter alia,* provides that an appeal may be taken by an aggrieved party to the supreme court "from a final order, affecting a substantial right, made in a special proceeding."  If, as is alleged in the case at bar, a person imprisoned for crime is wrongfully discharged upon *habeas corpus,* the state is the aggrieved party whose substantial right is affected.  As an appeal lies from an order of discharge in *habeas corpus* proceedings, a *certiorari* does not lie, it being the settled doctrine of this court that *certiorari* will not lie in a case in which the appellate jurisdiction of this court can be adequately invoked by appeal.  *State* v. *Probate Court of Hennepin Co.*, 28 Minn. 381.

Writ of *certiorari* quashed.