*In re* SCHNEIDER, Petitioner.   (No. 2.)

ORIGINAL.

No number.   Submitted March 13, 1893. — Decided March 14, 1893.

Leave to file petitions for writs of *habeas corpus* and *certiorari* to the Supreme Court of the District of Columbia, or the officers of the District acting under a judgment of that Court, will be denied, when the ground of the application relates to an error in the proceedings of that Court, and does not go to its jurisdiction or authority.

THIS was a petition to this court by Howard J. Schneider, and Jeremiah M. Wilson, William F. Mattingly, and A. A. Hoehling, Jr., his attorneys, and in his behalf. The allegations in the petition were substantially identical with those in the petition set forth in the margin in *In re Schneider, Petitioner*, (No. 1) *ante*, 157. The prayer was as follows:

" Wherefore your petitioners pray that the writ of *habeas corpus* issue to Jerome B. Burke, the warden of the United States jail, in the District of Columbia, commanding him to produce the body of the petitioner, Schneider, in court forthwith, together with the cause of his detention as a prisoner by said warden, and that petitioner, Schneider, may be discharged and set at liberty ; and petitioners furthermore pray

that the writ of *certiorari* may issue to John R. Young, clerk of the Supreme Court of the District of Columbia, commanding him to certify to this court all the proceedings of record of the United States against Howard J. Schneider in that court, to the end that the errors therein, as set forth in this petition, may be fully corrected by this court."

The same reasons were given as were given there for the action of the attorneys in uniting in the petition, and for its non-verification by Schneider.

*Mr. Jeremiah M. Wilson, Mr. William F. Mattingly* and *Mr. A. A. Hoehling, Jr.,* for the petitioner.

This is an application to this court for it to issue a writ of *habeas corpus* to the warden of the United States jail in this District, and a writ of *certiorari* to the Clerk of the Supreme Court of the District of Columbia to send up the record.

This application is based upon the averment that the petitioner was deprived of his right and privilege, secured him by the Constitution of the United States, to be tried by an impartial jury.

That this court has, in the exercise of its appellate jurisdiction, the right to issue this writ has been decided by it time and time again.

It has also been frequently decided by this court that its appellate jurisdiction in this connection, in contradistinction to its original jurisdiction under the Constitution, is the right which it has thus to review the decision of any inferior court of the United States, and does not mean that the case must be such as it would have appellate jurisdiction over.

This was decided very early in the history of this court in respect to the old Circuit Court of the District, which preceded the present Supreme Court of the District of Columbia. *Ex parte Burford,* 3 Cranch, 448; *Ex parte Bollman & Swartwout,* 4 Cranch, 75.

These two cases have been commented on and approved by this court in numerous decisions from that time to the present. See *Ex parte McCardle,* 6 Wall. 318, 324; *S. C.* 7 Wall. 506;

*Ex parte Siebold,* 100 U. S. 371, 376 ; *Hans Nielson, Petitioner,* 131 U. S. 176.

The claim in this case is that the petitioner, under the circumstances shown in the record, did not have an impartial jury, such as he was entitled to under the Constitution of the United States, and that, for that reason, the court below was without jurisdiction and power to proceed further with the trial and to enter judgment and sentence upon the verdict.

In *Ex parte Bain,* 121 U. S. 1, on *habeas corpus,* this court held that, where the indictment had been changed by the court below, in striking out a few words, alleged to be surplusage, there was no indictment by the grand jury, and that the proceedings were a nullity.

In *Ex parte Lange,* 18 Wall. 163, on *habeas corpus,* this court held that where the sentence passed by the court was not authorized by law, it was a nullity, and the prisoner was discharged. See, also, *Ex parte Yerger,* 8 Wall. 85, 102.

In *Ex parte Jackson,* 96 U. S. 727, where the petitioner had been indicted for sending prohibited matter through the mails, while the court held that the law under which he was indicted was constitutional, and denied the writ, within the opinion the court states that the constitutional guaranty of the people to be secured in their papers against unreasonable searches and seizures, extends to letters and sealed packages subject to letter postage in the mails ; that there was no question before the court as to the evidence upon which the conviction was had, nor does it appear whether the envelope was sealed or left open for examination ; the inference being that if the evidence had shown that the package had been sealed, bearing letter postage, and had been opened by a post office inspector, and the evidence secured in that manner upon which conviction was had, the petitioner would have been entitled to the writ on the ground of the infringement of his constitutional right.

Suppose the court below in this case had decided that the defendant should be tried by eleven jurors, clearly any verdict of such a jury, and judgment based thereon, would be void for want of jurisdiction and power in the court below to proceed,

and the prisoner would be entitled to be discharged on *habeas corpus.*

Suppose there were twelve jurors in the box, one of whom, upon his examination on his *voir dire* had declared that he had a fixed and decided opinion that the defendant was guilty; that he was satisfied that no evidence could be produced that could change that opinion, and that if he went into the jury box he would convict, and the court had decided, after all the peremptory challenges of the defendant had been exhausted, that he was a competent juror, and put him on the jury, would not, from that moment, the court have been without jurisdiction to proceed further in the case on the ground that the jury was not impartial?

In *Commonwealth* v. *Essex Company*, 15 Gray, 239, 253, Chief Justice Shaw, in what has become a leading case, puts, for the purpose of testing a leading principle, a case as extreme as the one we above put, and remarks that " extreme cases are allowable to test a legal principle."

The record shows that the petitioner was compelled to exhaust peremptory challenges upon incompetent jurors who were held to be competent by the court, men who declared that they had not only read the reports in the papers, but also the proceedings at the coroner's inquest; that they formed fixed and decided opinions, which they still entertained, and which it would require strong evidence to remove.

Charles W. Morris stated on his direct examination, in answer to the question of the District Attorney as to whether he could listen to the evidence given in court, and under the direction of the judge bring in a verdict based solely on the law and the evidence as he might hear it in court, answered, " No, sir; I don't know that I could." He stated on cross-examination that he had read all the proceedings; that he had formed a very decided opinion, which he still entertained, and that it would require certainly very positive evidence to change his mind, and that, if he took his seat in the jury box, he would be there with an opinion already formed, and which it would require strong evidence to remove.

The question decided by this court in the *Heath Case*, 144

U. S. 92, was that a writ of error to the Supreme Court of this District would not lie to review the judgment below, and that the act of March 3, 1891, providing for appeals and writs of error in capital cases from existing Circuit Courts, did not apply to this District.

In *Cross* v. *United States*, 145 U. S. 571, which was also a writ of error, the court held that under the act of February 6, 1889, to provide for writs of error in capital cases, the writ would not lie.

That case again came up on appeal from the court below denying the writ of *habeas corpus*. The court held that the act of March 3, 1885, extending its jurisdiction over cases from the Circuit Court to the United States did not enlarge its jurisdiction over the Supreme Court of this District, under its Circuit Court jurisdiction. *In re Cross, Petitioner*, 146 U. S. 271.

So that the question involved in the present case has not been decided by this court, and we respectfully request an opportunity to be heard in the premises.

THE CHIEF JUSTICE: Leave to file petition for writs of *habeas corpus* and *certiorari* is denied. The ground of the application does not go to the jurisdiction or authority of the Supreme Court of the District, and mere error cannot be reviewed in this proceeding. *Ex parte Parks*, 93 U. S. 18; *Ex parte Bigelow*, 113 U. S. 328; *Ex parte Wilson*, 114 U. S. 417; *Nielsen, Petitioner*, 131 U. S. 176.