# Burr *et al. v.* Foster.

*Motion to Dismiss Appeal taken on Habeas Corpus Proceedings.*

(Decided January 22d, 1902.)

1. *Habeas corpus; appeal, by whom taken; Alabama National Guard; Code, § 4314.*—Section 4314 of the Code, providing that any party aggrieved by the judgment on the trial of a *habeas corpus* proceeding may appeal to the Supreme Court, does not authorize an appeal by members of the Alabama National Guard from a judgment discharging on *habeas corpus* one charged with a violation of the military laws, under which he is held in custody,—the offense charged against him being one against the laws of the State, punishable by fine or imprisonment, and the person charged therewith and the State being the only parties aggrieved.

APPEAL from order of Judge of City Court of Talladega on Petition for Habeas Corpus.

Heard before Hon. G. K. MILLER.

This was a petition for *habeas corpus* instituted by J. Hazen Foster, seeking to be discharged from the custody of Lucien C. Brown, judge advocate of the Third Regiment of Alabama National Guards, Borden H.

Burr, captain, and others constituting or claiming to constitute a military court martial, called for the purpose of trying petitioner by court martial upon the charge of "Conduct to the prejudice of good order and military discipline, in violation of the 62d Article of War," in failing and refusing to obey alleged orders of his superior officer, requiring him to attend certain drills, muster rolls, and the State encampment of the Alabama National Guard. Upon the hearing petitioner was discharged, and the respondents named in the petition appeal to this court. A motion is made in this court to dismiss the appeal.

CECIL BROWN, DRYER & WEBB, and H. L. MCELDERRY, for the motion, cited Code, 1896, §§ 4314, 4315: "An Act to Regulate the Volunteer Military Forces of the State of Alabama, approved February 23d, 1899," (Acts, 1898-99, p. 136), § 15.

WHITSON & GRAHAM, and KNOX, BOWIE & DIXON, *contra.*

TYSON, J.—This is an appeal prosecuted by Borden H. Burr and others from a judgment discharging one Foster upon a writ of *habeas corpus* sued out by him. It was made to appear by the petition of Foster that he was under arrest and being restrained of his liberty by Burr and others, members of the Alabama National Guard, upon a charge preferred against him for certain alleged violations of the military law of this State. A motion is made to dismiss this appeal. This motion is resisted upon the theory, that section 4314 of the Code confers the right of appeal upon the appellants. That section provides that any party aggrieved by the judgment on the trial of *habeas corpus* may appeal to this court. The offense attempted to be charged against Foster was one against the laws of the State, punishable by fine or imprisonment, (Acts, 1898-99, p. 142). The appellants' custody of him was by virtue of the authority conferred upon them as officers of this State under the provisions of the act above cited, and not by

virtue of any contract or other personal relation between him and them. In short, their authority to arrest him and restrain him of his liberty, if it exists at all, is derived exclusively from the powers conferred by the act above referred to, and the exercise of it is dependent upon a charge being preferred against Foster for a violation of a State law. This being true, the only parties who could possibly be aggrieved by the judgment are Foster and the State of Alabama. To hold otherwise would permit a sheriff, where a prisoner is discharged on a writ of *habeas corpus* from his custody, to prosecute an appeal to this court—a matter in which he could not possibly have a personal interest, and in which the State alone is the aggrieved party.

Appeal dismissed.