STATE OF NEBRASKA V. JOHN F. DECKER.

FILED JUNE 20, 1906.  No. 14,316.

Habeas Corpus: REVIEW. The procedure to obtain a review in this
    court of a final order made by a district court or judge in a
    proceeding in habeas corpus must be such as is required to be
    followed for a like purpose in civil actions.  Sections 483 and
    515 of the criminal code are not applicable thereto.

ERROR to the district court for Lancaster county: ED-
WARD P. HOLMES, JUDGE.  *Dismissed.*

*James L. Caldwell, F. M. Tyrrell* and *Charles E. Matson,*
for plaintiff in error.

*Charles O. Whedon, contra.*

AMES, C.

One John F. Decker had been arrested and was detained
by the sheriff of Lancaster county, and in the common jail
of that county, upon a warrant issued by a justice of the
peace, and charging him with having committed the
offense of perjury while testifying as a witness upon the
trial of a civil action in the district court for that county.
Decker applied to the district court for, and obtained,
a writ of habeas corpus under which to have inquiry made
into the legality of his detention.  The sheriff to whom
the writ was directed made due return thereto, producing
the person of the petitioner as therein commanded, and the
court, after a hearing involving the taking of 166 pages of
typewritten testimony, decided that there was no reason-
able or probable cause for the accusation made in the
warrant, and on the 23d day of February, 1905, ordered
that the prisoner be discharged from custody.  The county
attorney, who was present at the hearing, took exceptions
to certain orders and rulings of the court during the prog-
ress thereof, and afterwards caused a bill of exceptions
of the same to be made up and settled by the district judge

6

in the manner prescribed by section 483 of the criminal code. On June 8, 1905, before the late act regulating appeals to this court had taken effect, the county attorney caused said bill of exceptions, together with a transcript of the proceedings in connection with which it was prepared, to be filed with the clerk of this court, as well as a petition in error in which it is recited that the county attorney and deputy county attorney "proceed under the provisions of section 515 of the criminal code," and in which they assign certain errors as having been committed by the court during the progress of the hearing, and complain that the court was without jurisdiction to make or render an order of discharge of the prisoner. But the document, which is signed by the county attorney alone, and in his official character only, does not expressly pray the judgment of the court upon its assignments or for a recaption of the accused.

It was decided by this court in *In re Van Sciever,* 42 Neb. 772, that a final order by a district court, or judge, made in a proceeding in habeas corpus, was reviewable in this court by proceedings in error, but that such a proceeding is a civil action and the procedure applicable to obtaining a review in this court is that provided by the code. It follows that the suit in this court must be prosecuted by or on behalf of some one having an interest in the controversy, that is, the petitioner, or some person or persons claiming a right to his custody, and that a bill of exceptions, if one is required, must be made and settled in the manner provided by statute for the making of such documents in civil actions. Sections 483 and 515 of the criminal code, to which alone the procedure in this case was attempted to be made conformable, are not applicable to such actions as the present, and this court is therefore without jurisdiction.

It is recommended that the petition in error be dismissed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the petition in error be

DISMISSED.