(April 11, 1907.)

KOOTENAI COUNTY, Appellant, v. THE HOPE LUM-
BER CO., Respondent.

[89 Pac. 1054.]

ROAD POLL TAX—COLLECTION OF—COUNTY PARTY IN INTEREST—
PROSECUTING ATTORNEY—CERTIFICATE TO TRANSCRIPT—PAYMENT
OF COSTS NOT WAIVER OF RIGHT TO APPEAL—IDENTIFICATION OF
PAPERS—COLLECTION OF ROAD POLL TAX—EMPLOYER—LIABILITY—
SEIZURE AND SALE OF PERSONAL PROPERTY—ADDITIONAL METHOD—
ACTION TO RECOVER.

1. In an action by a county to recover a road poll tax from a corporation due the county from an employee, the appeal may be taken by the county and in the name of the county, as the county is the party in interest.

2. *Held,* under the facts of this case, that the board of county commissioners authorized the prosecuting attorney to take this appeal.

3. The certificate of the clerk to the transcript held sufficient.

4. The payment of the costs in a case which has been decided against the county is not a bar to the prosecution of an appeal by the county.

5. Where a motion is heard by the trial court upon certain papers and records, in order to have the question decided on appeal, the transcript must contain the records and papers used by the court on such hearing properly identified, so that this court may know that it is passing upon the same facts that were before the trial judge.

6. Under the provisions of section 901, Revised Statutes, corporations or other employers of residents in a highway district may be made responsible for the road poll tax assessed against their employees, by proper notice being given to the employer or managing agent; provided that at the time such notice is given, or thereafter, the employer becomes indebted to the employee.

7. Under the provisions of section 1 of an act entitled, ''An Act Providing for the Collection of Road Poll Taxes'' (Sess. Laws 1899, p. 392), the legislature has provided another method or manner for collecting road poll taxes, by seizure and sale of personal property. That method is simply an additional one for the collection of road poll taxes, and does not repeal the provisions of said section 901.

8. After a corporation or an employer has become liable for the payment of the road poll tax of an employee, the prosecuting attorney of the county may, in the name of the county, bring an action to recover such tax if the corporation or person liable therefor refuses to pay the same.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Action to recover road poll tax from an employer of the persons owing the tax. Judgment for the defendant. *Reversed.*

Peter Johnson, County Attorney, and Ezra Whitla, for Appellant.

The statute providing for seizure and sale of personal property by the road overseer in case of nonpayment of the road poll tax is an accumulative remedy, and not an exclusive remedy. The existence of this additional remedy does not in any manner interfere with the remedy which formerly existed, and the means of enforcement do not in the least interfere, but each can be exercised under certain cases in which they are applicable, and each is entirely independent of the other.

If the act of 1899 repealed or abrogated the provision of the Revised Statutes of 1887 on this point, the same must necessarily have been done by implication as no express repeal is made; neither is there anything in the act of 1899 to show that any repeal was intended.

Repeals by implication are not favored by law. (Sutherland on Statutory Construction, 138, 153, 248; *Brown v. McCormick*, 28 Mich. 215; *Stephens v. Ballou*, 27 Kan. 594;

*In re Mitchell,* 120 Cal. 384, 52 Pac. 799; *Central Iowa Ry. Co. v. Board of Supervisors,* 67 Iowa, 199, 25 N. W. 128.)

Where a statute gives a new remedy for a right existing and enforceable, either at common law or in equity, and contains no negative, express or implied, of the old remedy, the new one provided by it is cumulative, and the party may elect between the two.. (Sutherland on Statutory Construction, 202. To same effect see *Colorado Milling & Elevator Co. v. Mitchell,* 26 Colo. 284, 58 Pac. 28; 23 Am. & Eng. Ency. of Law, p. 393; 8 Cyc. 1072.)

Subdivision 9 of section 1759, Rev. Stat., 1887, expressly makes it the duty of the county commissioners to make collections of all money belonging to the county, or in which the county has any benefit or use.

The road overseer is not the real party in interest, and in fact is not personally interested in the collection of this tax in any sense of the word. Kootenai county, the plaintiff in this action, is the real party in interest in this case. (*United States v. Shoup,* 2 Idaho, 493, 21 Pac. 656; *Jackson v. Hamm,* 14 Colo. 58, 23 Pac. 88; *Bassett v. Inman,* 7 Colo. 270, 3 Pac. 383; *Cedar Co. v. Sager,* 90 Iowa, 11, 57 N. W. 634; *Board of Commissioners v. Young,* 3 Wyo. 684, 29 Pac. 1002; *McConnel v. Wall,* 67 Tex. 323, 3 S. W. 287.)

Payment of costs in this case by the county commissioners was not a compromise or settlement of the action. (*Chapman v. Sutton,* 68 Wis. 657, 32 N. W. 683; *Sloan v. Anderson,* 57 Wis. 123, 13 N. W. 684, 15 N. W. 21; *Plano Mfg. Co. v. Racey,* 69 Wis. 246, 34 N. W. 85; *State v. Martland,* 71 Iowa, 543, 32 N. W. 485; *Richeson v. Ryan,* 14 Ill. 74, 56 Am. Dec. 493; *Hayes v. Nourse,* 107 N. Y. 577, 1 Am. St. Rep. 891, 14 N. E. 508; *O'Hara v. McConnell,* 93 U. S. 150, 23 L. ed. 840; 2 Cyc. 647.) County commissioners must pay judgments. (Rev. Stats., sec. 1735.)

Edwin McBee, for Respondent.

It is the duty of the attorney general and not the county attorney to take such appeals and represent the county in

the supreme court. (Sess. Laws 1901, p. 163 (amending Rev. Stats., sec. 250) ; Sess. Laws 1899, p. 75, sec. 3.) But neither the county attorney, attorney general, or anyone else was authorized to take this appeal. The board of county commissioners, which has the matter in charge, recognized the decision of the district judge as final and paid the judgment for costs.

The record on appeal has not been authenticated or identified by a bill of exceptions, or in any manner, or at all.

A bill of exceptions is not necessary in such cases, but the papers used upon the hearing in the court below must be identified by certificate from the judge, clerk, or attorneys, so that this court may know that it is passing upon the same facts which were before the district judge. (*Simmons Hardware Co. v. Alturas Commercial Co.*, 4 Idaho, 386, 39 Pac. 553; *Village of Sandpoint v. Doyle*, 9 Idaho, 236, 74 Pac. 861.)

The road overseer and not Kootenai county is the proper person to collect the road poll tax. It is not Kootenai county, but the road district that is to be benefited by the collection of these poll taxes.

If this judgment should be sustained, what could Kootenai county do with the money? There is no provision of law allowing such a suit to be maintained, and no authority for the disbursement of money so received.

If the corporation is liable for the poll tax of an employee, this act of 1899, providing for seizure and sale, is an exclusive remedy, and an action will not lie. (*Mason Co. v. Simpson*, 13 Wash. 250, 43 Pac. 33; *Faribault v. Misener*, 20 Minn. 347 (Gil. 347) ; *Nebraska City v. Gas Light Co.*, 9 Neb. 339, 2 N. W. 870-873; *Danforth v. McCook*, 11 S. Dak. 258, 74 Am. St. Rep. 808, 76 N. W. 940; *Marshall Co. v. Knoll*, 102 Iowa, 573, 69 N. W. 1146, 71 N. W. 571; *Montezuma Water Co. v. Bell*, 20 Colo. 175, 36 Pac. 1102; *People v. Biggins*, 96 Ill. 481; *Crawford Co. v. Laub*, 110 Iowa, 355, 81 N. W. 590; *Pierce Co. v. Merrill*, 19 Wash. 175, 52 Pac. 854; *Richards v. Commissioners*, 40 Neb. 45, 42 Am. St. Rep. 650, 58 N. W. 594; *Commissioners v. Furay* (Neb.), 99 N. W. 271; *Chamberlain v. Wollsey*, 66 Neb. 141, 92 N.

W. 181, 95 N. W. 38; Cooley on Taxation, 2d ed., p. 16;
Black on Tax Titles, sec. 45; Sutherland on Statutory Con-
struction, 2d ed., sec. 672.)

SULLIVAN, J.—This action was brought by Kootenai
county, in the probate court of that county, against the Hope
Lumber Company for the purpose of collecting from that
corporation the road poll taxes of some of its employees.
The plaintiff alleges the corporate existence of the plaintiff
as well as of the defendant. It also alleges that one Jerry
Slavins was the duly appointed road overseer of road dis-
trict No. 7 in said county, and the service of notice upon
the Hope Lumber Company to pay the road poll taxes of
certain employees of that company, a copy of which notice
is attached to the complaint. It is also alleged that all
the parties whose names are on the list attached to said no-
tice were male inhabitants of said road district, over the age
of twenty-one and under the age of fifty years, and liable
to pay a road poll tax, and that the action was commenced
by order of the board of county commissioners of said county.

Defendant demurred to the complaint on two grounds, to
wit: 1. That the complaint did not state facts sufficient to
constitute a cause of action; 2. A nonjoinder of parties de-
fendant.

That demurrer was overruled by said court and defend-
ant answered. After a trial of the cause, judgment was en-
tered as prayed for against the defendant. The cause was
then appealed to the district court by the defendant. When
the matter came on for hearing in the district court, the
plaintiff moved to dismiss the appeal upon several grounds,
the main point being that the appeal was not perfected within
the time required by law. After denying said motion, the
cause came on for hearing on defendant's demurrer to the
complaint and the court sustained the demurrer on two
grounds. The court in its decision uses the following lan-
guage: "It is the opinion that an action at law cannot be
maintained by the plaintiff for the recovery of the road poll
tax sought to be collected herein, for the reason that the

remedy by seizure and sale provided·by statute is exclusive; also that the road overseer and not the county of Kootenai is the proper party to collect said road poll tax.''

The plaintiff thereupon declined to amend and the action was dismissed and judgment of dismissal was entered. This appeal is from the judgment.

The notice of appeal contains a notice of the appeal from the judgment and declares that the plaintiff also appeals from the order made and entered by the district court on the eighteenth day of June, 1906, overruling plaintiff's motion to dismiss the defendant's appeal.

The respondent now moves to dismiss this appeal on several grounds; the first of which is that the appeal is not taken by or in the name of the attorney general of the state. There is nothing in that contention. The county was the plaintiff in the court below and had the right to have the case appealed to this court, and is the party in interest in this matter, and the prosecuting attorney had the authority to take this appeal.

The second ground is that the appeal was not authorized to be taken by the board of county commissioners. While the transcript itself does not show that fact, the county is here by its representatives, the county attorney and attorney general, and we also have the affidavit of the county attorney that the board of county commissioners did authorize him to take this appeal.

The third point is that the transcript does not contain the proper certificate as to the correctness of said transcript. The clerk has certified that the transcript constitutes a full and complete record of the cause, to wit: ''Complaint, demurrer, memorandum of costs, judgment of probate court, notice of appeal, undertaking on appeal, transcript of docket containing defendant's answer, motion and notice of motion to dismiss appeal, order denying motion to dismiss appeal, order dismissing action, notice of appeal and affidavit of service of notice of appeal.''

And he further certifies as follows: ''And I hereby certify that the said record constitutes a full, true and correct

record of the above-entitled action, with indorsements there-on as the same are now of record and on file in my office.''

This action was determined by the district court upon a demurrer to the complaint, the demurrer being sustained and a judgment of dismissal entered. All the court could take into consideration on the decision of said demurrer was the complaint and demurrer, and the clerk certifies that the transcript contains true copies of those papers.

Section 4819, Revised Statutes, provides that on an appeal from a judgment rendered on appeal, the appellant must furnish the court with a copy of the notice of the appeal of the judgment and of the papers used on the hearing in the court below. We have copies of all of those papers in the transcript certified to by the clerk as correct.

The fourth point or ground for said motion to dismiss is that the cause has been settled and finally determined by said Kootenai county by the payment of the costs awarded in said action in favor of defendant. There is nothing in that contention, as it is shown by the affidavit of the county commissioners how it happened that the costs of this action were paid, and that it was not their intention to finally settle said case by the payment of said costs. The payment of costs under those circumstances was not a waiver of the right of appeal.

It is next contended that the transcript does not show or identify what papers were used or submitted to the district court on the hearing of the motion to dismiss the appeal from the probate court, and for that reason this court cannot pass upon the action of the court in that matter.

Upon an examination of the record, we find that it contains a copy of all the records and files in the action, but none of the papers are identified as having been used on said motion to dismiss the appeal from the probate court to the district court. So far as appears from the transcript, the court may have used all or only a part of said papers. This court held in the *Village of Sandpoint v. Doyle*, 9 Idaho, 236, 74 Pac. 861, that a certificate reciting ''that the papers are true copies of the originals on file is not enough with-

out showing that they are the papers used upon the hearing.'' In an appeal from such an order, the papers and records used by the trial court upon the hearing of such motion should be identified so that this court may have the identical papers and records used by the trial court in passing upon the question here. The transcript in this case fails to identify the papers used by the trial court on the hearing of such motion, and for that reason this court cannot pass upon the action of the trial court in that regard.

The motion to dismiss the appeal must be denied, and the case is before this court upon the proposition whether the district court erred in sustaining the demurrer and entering the judgment of dismissal. The trial court first held that this action could not be maintained, for the reason that the remedy by seizure and sale provided by the statute is exclusive.

Under our law there are two methods of collecting a road poll tax. Section 901, Revised Statutes of 1887, is as follows: ''Corporations or other employers of residents in any highway district are responsible for the road poll tax assessed against their employees, and a notice to the employer or managing agent requiring the payment of the road poll tax of the employee charges such employer or corporation with such road poll tax.''

That section makes corporations or other employers of persons subject to pay road poll tax responsible for such tax upon proper notice to them. It was not intended by the legislature in the enactment of that section to make the employer liable for the tax, regardless of whether he was indebted to his employee or not. Of course, if the employer, is not indebted to the employee at the time of the service of the notice, and does not become indebted to him after the service of such notice, the employer will not be liable for such tax.

In 1899, the legislature passed an act providing .for the collection of road poll taxes. Section 1 of that act is as follows: ''Every road overseer is hereby authorized to demand payment of road poll tax from every person liable there-

for, and on the refusal of such person to work or pay the same, he must collect by seizure and sale of any personal property owned by such person. The sale may be made after five days' notice of time and place of such seizure and sale.'' (See Sess. Laws 1899, p. 392.)

Said act does not possess a repealing clause of any kind, and it was the evident intention of the legislature to provide by that section another method for collecting the road poll tax. If a person subject to the payment of a road poll tax has personal property and refuses to pay such tax, the road overseer may seize such personal property and sell the same for the tax. Or, in case such person is employed by another, under the provisions of section 901, the employer may be made responsible for such road poll tax as is assessed against his employees and a notice to the employer or managing agent, requiring the payment of such tax of the employee, charges such employer or corporation with such road poll tax.

No doubt the legislature had in mind, in the enactment of the law of 1899, the fact that many persons subject to pay a road poll tax had no real estate and some personal property, and who worked for themselves and were not employed by anyone, and the act of 1899 was intended as a means by which such persons could be compelled to pay their road poll tax. A person who had no property whatever, either personal or real, and was employed by a corporation or other employer, could be compelled to pay his road poll tax by the methods provided in said section 901. As to those who had real estate, the road poll tax was made a lien on the real estate, and payment could be enforced as other taxes; as to persons who had no real estate and were employed by no one, but had personal property, the collection of the road poll tax against them could be enforced under the provisions of the act of 1899. The act of 1899 was intended to apply to that class of persons, and would also apply to others who had personal property and were employed by others, leaving the matter optional with the tax collector whether he collect the tax from the employer or seize and sell the per-

sonal property. The law of 1899 was merely an additional remedy, and was not intended to repeal said section 901.

Therefore, the court erred when it held that the collection of such tax by seizure and sale is the only method by which it can be collected. Under the provisions of said section 901, a corporation or employer may be made liable for the payment of a road tax of an employee. After such liability attaches, the prosecuting officer of the county may, in the name of the county, bring an action to recover such tax from the person or corporation liable therefor; hence the county is a proper party to such action.

The judgment of the court below must be reversed and the cause remanded, with instructions to overrule the demurrer and to permit the defendant to answer if it desires to do so.

Costs are awarded to the appellant.

Ailshie, C. J., concurs.