# State *v.* Davis.

*Habeas Corpus.*

(Decided June 18, 1908.  47 South. 182.)

1. *Habeas Corpus; Appeal; By State.*—The state has the right of appeal from an order on habeas corpus discharging a prisoner.

2. *Same: Transcript From the Chancellor; Certificate of Register.* —Where habeas corpus proceedings are had before a chancellor, the register has authority to make up and certify a transcript of the proceedings on appeal.

3. *Same; Security for Costs.*—There is no requirement upon the state to give security for costs on an appeal from an order discharging a prisoner on habeas corpus.

4. *Same; Authority for Restraint.*—Where no warrant or other authority for restraint had been issued at the time of the suing out of the writ of habeas corpus, the jurisdiction of the chancellor attached, and a discharge was properly ordered.

APPEAL from an order on hebeas corpus discharging petitioner, made by Thomas H. Smith as chancellor of the southeastern chancery division.

Habeas corpus by James Davis. From an order discharging petitioner the state appeals. Affirmed.

ALEXANDER M. GARBER, Attorney-General, for the State. The State had the right of appeal.—*Burr v. Foster*, 132 Ala. 41. The register properly certified the transcript.—*State v. Fuller*, 147 Ala. 164. The chancellor ought not to have discharged the petitioner on the facts stated.—*Ex parte Gibson*, 89 Ala. 174; *Brown v. The State*, 109 Ala. 70.

McALPINE & ROBINSON, for appellee. Counsel discuss motion to dismiss the appeal, but without citation of authority. They further insist that the chancellor correctly discharged the prisoner because detention was illegal at the time the writ was issued, and no subsequent efforts to render his imprisonment rightful can avail.—*In re Farez*, 8 Fed. Cases, 1001; *Doo Woon* 18 Fed. Rep. 898.

DOWDELL, J.—The petition for writ of habeas corpus was addressed to the chancellor, and upon the return thereto, and the hearing of the cause, the chancellor made an order discharging the petitioner from custody. From this order the present appeal is prosecuted in the name of the state.

Motion is now made to dismiss the appeal on several grounds named in the motion, viz.: That the state is not the proper party to prosecute the appeal; secondly, that no security for costs is given; and, thirdly, that the register had no authority to certify the transcript of the proceedings had before the chancellor. None of

these grounds, in our opinion, possess any merit. The case of *Burr v. Foster,* 132 Ala. 41, 31 South. 495, is authority for prosecuting the appeal in the name of the state, and the case of *State v. Fuller,* 147 Ala. 164, 41 South. 990, is authority for the register's certifying the transcript of the proceedings had before the chancellor. There is no law which requires in such a case security for costs to be given by the state.

At the time of the filing of the petition and the issuance of the writ of habeas corpus the petitioner was held in custody without process from any court or officer of the law. The return made to the writ showed that at the time of making the return the petitioner was then being held under warrant issued on affidavit; but such affidavit and warrant were issued subsequent to the service of the writ of habeas corpus issued by the chancellor. On this it is clear that the jurisdiction of the chancellor on habeas corpus attached before the affidavit was made and warrant issued, shown in the return. On the hearing of the case it was admitted that the petitioner had not violated the city ordinance on which the affidavit and warrant were predicated, but that the petitioner had been arrested on a telegram from a foreign state as a fugitive from jsutice from such foreign state, and that the affidavit and warrant were simply used as a means of holding the petitioner. The telegram was not in evidence, nor was there any other evidence that the petitioner was a fugitive from justice from another state, nor were any grounds stated or reasons shown for holding the petitioner to await further action from the authorities of the state from which he was charged to be a fugitive. On this state of facts, the chancellor ordered that the petitioner be

[Pippin v. The State.]

discharged from the alleged illegal custody, and in so
doing we think the chancellor was right, and his ruling
will be here affirmed.

Affirmed.

S'IMPSON, ANDERSON, DENSON, and McCLELLAN, JJ.,
concur.