# State *ex rel.* Attorney General *v.* Livingston, Judge.

## *Certiorari.*

(Decided June 30, 1910.   54 South. 109.)

Petition by the State, on the relation of A. M. Garber, Attorney General, for remedial writ to George S. Livingston, Judge of Probate.   Rule nisi issued.

One Roy was held under a charge of murder, and applied to Hon. George S. Livingston, judge of probate of Autauga county, for bail.   Upon the hearing of the habeas corpus, the judge allowed the petitioner bail, and the state gave notice of the appeal and presented the bill of exceptions.   But the appeal was not made up and certified by the judge, and on a day following the petitioner filed in the Supreme Court a motion to establish a bill of exceptions in such cause, which was pending at the time this application was made.   It is alleged that after notice of appeal, and after motion made to establish the bill of exceptions on appeal, Hon. George S. Livingston, as judge of probate, caused the sheriff to admit the prisoner to bail, and that the sheriff accepted such bond and released the prisoner.   The

prayer is that mandamus, certiorari, or other remedial writ be directed to the judge of probate to make up and certify to this court at once the papers in said cause which constitute the record proper, and that the judge of probate be ordered and directed to vacate the order attempting to deny to the state of Alabama the right to perfect such appeal and attempting to relieve said Roy of custody, and that the sheriff be directed to take the prisoner into custody and to hold him pending the decision of this matter. This petition is verified by affidavit.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, and J. M. HOLLEY and FRANK W. LULL, for petitioner.

No counsel marked for respondent.

PER CURIAM.—Let rule nisi issue to the respondent, George S. Livingston, returnable to the next term of this court on Thursday of the week of the first call of the First division, to show cause why the writ prayed for in the petition should not be granted.

McCLELLAN, J. (concurring).—On the averments of the verified petition of the state, clearly making a prima facie case for the process and orders prayed, it is my opinion that the writ of certiorari should issue to bring up the record proper (the petition for habeas corpus and the order and judgment of the judge of probate) ; that the rule nisi should issue to show cause why the order which was made May 24, 1910, should not be vacated, the appeal having theretofore been taken (*Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241), and thereby transferring the matter to the sole jurisdiction and control of this court; and that in order to main-

tain the status quo pending the disposition of the cause, the sheriff of Autauga should be directed to retake Roy into custody. The appeal, by the state, in such cases does not depend upon the perfection of the bill of exceptions. The appeal must be taken in 20 days; whereas, 90 days are granted by the statute in which to present to the trial judge a bill of exceptions. No court can qualify this statutory right.—Sections 3019, 6245, 6247, and 6248, Code 1907. The appeal required the suspension of the judgment awarding bail.—Section 6245, Code 1907; *Ex parte Cameron,* 81 Ala. 87, 1 South. 20. If the appeal was taken, the order of May 24, 1910, was void, and the release of the prisoner was wrong. It is the plain duty of this court to always preserve its jurisdiction.