[The State v. Chancey.]

# The State v. Chancey.

### Bail.

(Decided June 1, 1916.   72 South. 213.)

1. **Habeas Corpus; Appeal; State.**—The state has a right to appeal without giving security for costs from an order on habeas corpus allowing bail.

2. **Bail; Review; Scope.**—The appellate courts will not reverse an order admitting to bail where the evidence is conflicting and one phase of the evidence supports the order.

APPEAL from Geneva Chancery Court.

Heard before Hon. OSCAR S. LEWIS.

Ike D. Chancey was charged with murder and was admitted to bail on an application for habeas corpus, and the State of Alabama appeals.

W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.   LEE & TOMPKINS, and FARMER & FARMER, for appellee.

PELHAM, P. J.—This appeal is from an order of the chancellor of the Southeastern chancery division admitting the petitioner (appellee) to bail to answer a charge of murder in the first degree, preferred through the office of an indictment regularly presented by a grand jury of the circuit court of Geneva county.

(1, 2)  That the state has a right to appeal from an order on habeas corpus without giving security for costs is settled.— *State v. Davis,* 156 Ala. 181, 47 South. 182; *State v. Towery, et al.,* 143 Ala. 48, 39 South. 309.   It has also been repeatedly held that in reviewing the finding of the primary tribunal the conclusion of the judge below on the facts, who sees and hears the witnesses, will not be disturbed, unless his finding is contrary to the great weight or preponderance of the evidence.—*State v. Lacey,* 158 Ala. 16, 48 South. 343; *Butler, et al. v. State,* 1 Ala. App. 265, 56 South. 20.   An examination of the evidence shows a conflict, one phase of which well supports the order of the chancellor admitting the petitioner to bail; and, having due regard to the weight which should in such a case be accorded to

the judgment and finding on the facts of the primary tribunal by the reviewing court on appeal, we cannot say that the evidence presented by the record in this case makes it clear that the chancellor was in error in granting bail. For obvious reasons we refrain from a discussion of the diverging tendencies of the conflicting evidence, and express no opinion as to any part of the evidence that might affect the trial to be had on the merits, further than to state our conclusion as above from the entire record on the question presented on this appeal.

It follows that the order of the chancellor must be affirmed. Affirmed.