(88 South. 63)

## STATE v. CAUTHEN et al. (4 Div 703.)

(Court of Appeals of Alabama. March 16, 1921.)

**1. Habeas corpus ⟜113(5)—State may appeal from order granting bail in murder case.**

Under Code 1907, § 6245, the state may appeal from an order in a habeas corpus proceeding granting bail to persons charged with murder in the first degree.

**2. Habeas corpus ⟜113(12)—Trial court's conclusion in admitting to bail not disturbed unless contrary to great weight of evidence.**

On appeal from an order admitting persons charged with murder to bail, the trial court's conclusion on the facts will not be disturbed unless contrary to the great weight or preponderance of the evidence.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Ed Cauthen and another applied for and were granted bail under an indictment charging them with murder in the first degree, and from that order the State appeals. Affirmed.

J. Q. Smith, Atty. Gen., and W. H. Stoddard, of Luverne, for the State.

No brief came to the Reporter.

Holloway & Hill, of Montgomery, for appellees.

No brief came to the Reporter.

BRICKEN, P. J. Petitioners, appellees here, were indicted by the grand jury for murder in the first degree. This charge being prima facie not bailable, petition for habeas corpus was made to the judge of the Second judicial circuit, and from an order granting petitioners bail the state, through its solicitor, appeals, under the provision of Code 1907, § 6245.

[1] That the state has a right of appeal from an order on habeas corpus in a case of this character is settled. Section 6245, Code 1907; State v. Davis, 156 Ala. 181, 47 South. 182; State v. Lowery et al., 143 Ala. 48, 39 South. 309.

[2] The only question presented on this appeal is whether the decision and finding of the judge who heard the petition and entered the order is contrary to the great weight and preponderance of the evidence. We, of course, shall pretermit a discussion of the evidence for obvious reasons, and in reviewing the finding of the primary tribunal, the conclusion of the judge below on the facts, will have regard to the weight which should be accorded by the revising court to the finding of the trial judge, for the reason that the witnesses appeared before him in person, thus affording him the opportunity of seeing and hearing them and of observing their deportment and demeanor on the stand; and the rule is that, unless it appears that his conclusion on the facts is contrary to the great weight or preponderance of the evidence, such conclusion will not be disturbed. From a careful examination of the evidence here, we are not prepared to say that the conclusion reached by the judge below was erroneous, under the rule stated.

It follows therefore that the order admitting petitioners to bail is affirmed.

Affirmed.