BAIRD, SHERIFF, v. NAGEL.

[No. 24,493. Filed January 8, 1924.]

1. APPEAL.—*Right to Appeal.*—*Final Judgments.*—*Habeas Corpus.*—*Statute.*—Section 671 Burns 1914 confers the right to appeal from all final judgments, except in certain specified cases, and gives the right to appeal from final judgments in *habeas corpus* proceedings. p. 91.

2. APPEAL.— *Habeas Corpus.*— *State Cannot Appeal.*— In a *habeas corpus* proceeding by a party convicted of and imprisoned for crime, where the prisoner is discharged, the State of Indiana can neither compel the sheriff or other officer having him in custody to appeal nor appeal in such officer's name, where it has not been made a party either in the trial court or in the appellate tribunal. p. 92.

3. APPEAL.—*Parties to.*—*Third Party Cannot Appeal.*—A third party cannot take an appeal in the name of a party to a judgment merely because the decision may affect his interests adversely. p. 93.

From Clark Circuit Court; *James W. Fortune*, Judge.

Action for a writ of *habeas corpus* by Harry Nagel against William A. Baird, as sheriff of Clark county. From a judgment releasing the plaintiff, the prosecuting attorney attempts to appeal on behalf of the State. *Appeal dismissed.*

*U. S. Lesh,* Attorney-General, and *James L. Bottorff,* for appellant.

*George C. Kopp,* for appellee.

WILLOUGHBY, J.—It appears from the record in this cause that the defendant, William A. Baird, was, on April 30, 1923, the duly elected, qualified and acting sheriff of Clark county, Indiana, and had been such ever since January 1, 1923; that the petitioner, Harry Nagel, was, on April 30, 1923, and since February 24, 1923, had been confined in the county jail in Clark county, Indiana, by virtue of a commitment issued on February 24, 1923, by Henry A. Burtt, Special Judge of the

city court of the city of Jeffersonville, Indiana, under the following commitment:

"STATE OF INDIANA ⎱
COUNTY OF CLARK ⎰

To the Jailor of said County:

WHEREAS, Harry Nagel has been tried before me as Special Judge and adjudged guilty of the offense of possessing intoxicating liquor with intent to sell the same, and by me fined in the sum of $400 and costs of $30 total fine and costs $430, and judgment rendered thereon for said sum to which was added a jail sentence of sixty (60) days. You are therefore commanded to confine him in the county jail for the space of sixty days unless sooner discharged by law, and if, at the expiration of said sixty days said Nagel has failed to pay or replevy said fine and costs amounting to $430 then you will continue his confinement in said county jail for a period of three hundred and seventy (370) days. Dated this 24th day of February, 1923.

Henry A. Burtt,
Special Judge."

That on April 30, 1923, Harry Nagel, filed his verified petition in the cause, entitled Harry Nagel v. Wm. A. Baird, Sheriff of Clark county, Indiana, by which petition it is shown that he is unlawfully restrained of his liberty and is wrongfully imprisoned and that upon such petition, the court ordered that a writ of *habeas corpus* should be issued and the same was issued and the defendant in said cause, Wm. A. Baird, Sheriff of Clark county, Indiana, was ordered to have the body of Harry Nagel before the Judge of the Clark Circuit Court on April 30, 1923, and such proceedings were had in said cause that it came to trial on May 1, 1923, and on said May 1, 1923, the court entered judgment releasing the said Harry Nagel from custody. It appears from the record that a motion for a new trial was filed on May 2, 1923, but the motion was not ruled upon until September 11, 1923, when it was overruled.

The transcript was filed in this court November 16, 1923. On November 30, 1923, the appellant filed a motion to dismiss, with proof of service of notice. Said motion was verified and omitting the caption, jurat and signature is as follows:

"That appellant in the above entitled cause respectfully moves the court to dismiss said cause for the reasons following: (1) That said appellant did not authorize or consent to said appeal, or any other appeal from the judgment of the Clark Circuit Court in said cause, but expressly refused to appeal said cause and had no knowledge that said cause had been appealed until after the transcript had been filed, the cause docketed and newspaper comment on said appeal published. (2) That said appellant was represented in the Clark Circuit Court by Burdette C. Lutz, county attorney; that James L. Bottorff, who purports to represent appellant in said appeal, is the prosecuting attorney for the fourth judicial circuit, and, as such prosecuting attorney, voluntarily appeared in defense of said cause in the Clark Circuit Court but without any employment by, or authority to bind, this appellant, that one Joseph H. Warder, who is mayor of the city of Jeffersonville, and ex-officio Judge of the city court of Jeffersonville, also appeared with James L. Bottorff, in defense of said cause in the Clark Circuit Court, but without any employment by, or authority to bind, appellant. That said James L. Bottorff, prosecuting attorney, as aforesaid requested appellant to appeal from the decision of said Clark Circuit Court, but that this appellant, acting under the advice of said Burdette C. Lutz, then refused, and has ever since refused to appeal said cause; that the bill of exceptions and transcript in said cause were prepared and filed without appellant's knowledge or consent; that appellant neither signed a notice to the appellee and to the clerk of the Clark Circuit Court of

his intention to take a vacation appeal, nor did he authorize said James L. Bottorff or any other person, to sign such notice as his attorney or agent."

On December 7, 1923, James L. Bottorff, filed an affidavit in opposition to the motion to dismiss. In such affidavit, he alleges that he is the duly elected, commissioned and qualified prosecuting attorney of the fourth judicial circuit of the State of Indiana; that a writ of *habeas corpus* was issued against appellant, as sheriff, same made returnable forthwith. That this affiant was notified of the filing of such petition for writ of *habeas corpus* and that he appeared in said cause solely by reason of his official position and for the purpose of protecting the rights and interests of the State of Indiana; and in another place in said affidavit, affiant says that "said affiant talked with appellant at various times regarding the appeal of said cause but that on each of said times said appellant stated that he did not desire to appeal said cause but this affiant informed said appellant that he intended to appeal said cause on behalf of the State of Indiana, as he believed that said appellant was only interested as the appellant therein, figuratively speaking, but that he believed that the State of Indiana was the real party in interest therein, and that it had the right to appeal said cause regardless of whether appellant was willing to do so or not.    *    *    *
That said affiant secured a general bill of exceptions and tendered the same to the court for settlement and signing, and filed the same in the office of the clerk of said court, and has personally paid the charges occasioned by the preparation of both the general bill and the transcript of the record in said cause.    *    *    *
That when said transcript was prepared this affiant forwarded the same to the Honorable Ulysses S. Lesh, Attorney-General of the State of Indiana, for filing, and also prepared the brief for the purpose of printing the

same without any expense to said appellant whatsoever. That said affiant, upon learning of said appellant's contemplated motion to dismiss the appeal of said cause, tendered to said appellant his check signed by himself and made payable to said appellant, the amount of the costs chargeable against said appellant, if any, to be filled in, for the purpose of keeping said appellant whole and protecting him against any financial loss which he might suffer in the event said cause may be affirmed on such appeal, which offer said appellant refused to accept. Said affiant says that in prosecuting said appeal he does so wholly on behalf of the State of Indiana. * * *"

The assignment of errors in the cause is entitled Wm. A. Baird, Sheriff of Clark County v. Harry Nagel, appellee, and is signed U. S. Lesh, Attorney-General, and James L. Bottorff, Attorney for appellant. A brief has been filed by the Attorney-General and by James L. Bottorff, prosecuting attorney. They claim that the State of Indiana was interested in the *habeas corpus* proceeding so that it had a right to appeal from the decision of the Clark Circuit Court releasing the appellant from custody. This question is not raised by the record and is not decided. The State of Indiana is not made a party either in the Clark Circuit Court or on appeal and no attempt has been made to make it a party.

Section 671 Burns 1914, §632 R. S. 1881, provides: "Appeals may be taken * * * by either party, from all final judgments," except in certain

1. cases. This section gives the right to appeal from final judgments in *habeas corpus* proceedings.

The judgment in this case is a final judgment and the right of either party to appeal under §671 Burns 1914, *supra,* has been recognized in many cases in this court. The right of the state to appeal from a final

order discharging a prisoner in *habeas corpus* proceedings has been held to exist in many other states, but it has not been directly passed on in this state. For cases on that subject see: *Ex parte Murray* (1919), 112 S. C. 342, 99 S. E. 798, 5 A. L. R. 1152; *Ex parte Jackson* (1885), 45 Ark. 158; *State, ex rel.,* v. *Williams* (1911), 97 Ark. 243, 133 S. W. 1017; *Ex parte Ah Oi* (1901), 13 Hiawii 534; *People, ex rel.,* v. *Kaiser* (1912), 206 N. Y. 46, 99 N. E. 195; *State, ex rel.,* v. *Langum* (1917), 135 Minn. 320, 160 N. W. 858; *State, ex rel.,* v. *Buckham* (1882), 29 Minn. 462, 13 N. W. 902; *State, ex rel.,* v. *Huegin* (1901), 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; *State, ex rel.,* v. *Smith* (1886), 65 Wis. 93, 26 N. W. 258; *State, ex rel.,* v. *French* (1914), 82 Wash. 330, 144 Pac. 28; *Burr* v. *Foster* (1901), 132 Ala. 41, 31 So. 495; *State* v. *Lacey* (1908), 158 Ala. 16, 48 So. 343; *State, ex rel.,* v. *Livingston* (1910), 170 Ala. 147, 54 So. 109; *State* v. *Gordon* (1913), 105 Miss. 454, 62 So. 431.

In all these cases, it appears that the state had been made a party to the proceedings, both in the trial court and in the court to which it was appealed. In the instant case, there was no attempt either in the court below to make the state a party to the proceedings or to appear in behalf of the state, and no such attempt has been made in this court, and no assignment of error has been filed on behalf of the state.

The contention of the prosecuting attorney of Clark county and of the attorney-general seems to be that the state may prosecute an appeal in the name

2.   of the appellant over his objection. We know of no authority, and have been cited to none, authorizing the state to proceed in such manner.

A third party cannot take an appeal in the name of a party to the decision merely because it may affect his interests adversely. *Colman* v. *West Va. Oil Co.* (1884),

25 W. Va. 148; *McIntyre* v. *Sholty* (1891), 139
3.    Ill. 172, 9 N. E. 43; *Board, etc.,* v. *Wild* (1905),
37 Ind. App. 32.

In *State, ex rel.,* v. *Huegin, supra,* the court, in discussing the rights of the state and of the sheriff, under a proceeding like the one in the instant case, said: "Upon the district attorney was imposed the duty of guarding the interests of the state, but he had no duty to perform by virtue of his office for the sheriff as an individual. The latter was a party, and an interested party because he was charged with being guilty of the particular wrong which it was the purpose of the writ to redress; hence the law must be construed as according to him the same right as any other party to be heard by counsel."

In that case, it was held that the sheriff had a right to appear and be heard by counsel of his own choosing.

In the instant case, the appellant was the sole defendant in the trial court and is the sole appellant in this appeal. He cannot be required to prosecute this appeal for the benefit of another. Motion to dismiss the appeal sustained. Appeal dismissed.