(No. 6661. January 11, 1939.)

In the Matter of the Petition of WILLIAM BLADES for
Writ of Habeas Corpus.

[86 Pac. (2d) 737.]

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Appellant.

Ariel L. Crowley, for Respondent.

BUDGE, J.—William Blades was charged with, tried and convicted of the crime of burglary and sentenced to serve a term of years in the state penitentiary. Thereafter he petitioned the district court for a writ of *habeas corpus,* attacking the judgment upon the ground that one of the jurors, Carl W. Reamer, was at the time he acted as a juror an unpardoned felon, having been convicted of a felony in the state of Washington. The district court entered judgment releasing William Blades from custody of the warden of the state penitentiary and the state upon relation of the warden instituted this appeal.

Respondent has moved to dismiss the appeal for lack of authority on the part of the warden to take the appeal, it being urged the warden cannot question the validity of process regular on its face, by which he is commanded to discharge the prisoner, the warden not being an aggrieved party entitled to appeal within the contemplation of section 11–103, I. C. A.

It has heretofore been determined that this court has jurisdiction under C. S., sec. 7152, now sec. 11–201, I. C. A., in *habeas corpus* proceedings brought originally in the district court. (*In re Jennings,* 46 Ida. 142, 267 Pac. 227.) It is provided by section 11–103, I. C. A., that:

''Any party aggrieved may appeal in the cases prescribed in this code. The party appealing is known as the appellant, and the adverse party as the respondent.''

The notice of the appeal herein recited that:

''the State of Idaho on relation of Pearl C. Meredith, Warden of the Idaho State Penitentiary, hereby appeals. . . . . ''

''Party aggrieved'' as used in section 11–103, I. C. A., has been defined by this court as any person injuriously affected by judgment, irrespective of whether he be named as plaintiff, defendant or intervenor. He has to be named neither in the caption, pleadings nor judgment. (*State v. Eves,* 6 Ida. 144, 53 Pac. 543; *Washington County Abstract Co. v. Stewart,* 9 Ida. 376, 74 Pac. 955; *Oatman v. Hampton* (on rehearing), 43 Ida. 675, 256 Pac. 529; *Adams v. Wood,* 8 Cal. 306; *Schino v. Cinquini,* 7 Cal. App. 244, 94 Pac. 83; *Estate of Colton,* 164 Cal. 1, 127 Pac. 643.)

 The general rule appears to be that the state itself is a "party aggrieved" under statutes permitting such a party to appeal from a judgment, so that on *habeas corpus* it may appeal from a judgment discharging a petitioner from custody. (*Burr v. Foster,* 132 Ala. 41, 31 So. 495; *State v. Berkstresser,* 137 Ala. 109, 34 So. 686; *Barriere v. State,* 142 Ala. 72, 39 So. 55; *State v. Davis,* 156 Ala. 181, 47 So. 182; *State ex rel. Attorney General v. Livingston,* 170 Ala. 147, 54 So. 109; *State v. Chancey,* 14 Ala. 119, 172 So. 213; *State ex rel. Keyes v. Buckham,* 29 Minn. 462, 13 N. W. 902; *State ex rel. Shattuck v. French,* 82 Wash. 330, 144 Pac. 28; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; *State v. Gordon,* 105 Miss. 454, 62 So. 431.) While there is authority to the contrary it has been held in numerous cases that the officer from whose custody a person has been discharged on *habeas corpus* is a "party aggrieved" and has such an interest as will authorize him to appeal from, or sue out a writ of error to review, the judgment of discharge. (*Yudkin v. Gates,* 60 Conn. 426, 22 Atl. 776; *State ex rel. Berry v. Merrill,* 83 Minn. 252, 86 N. W. 89; *State ex rel. Bond v. Langum,* 135 Minn. 320, 150 N. W. 858; *Miller v. Gordon,* 93 Kan. 382, 144 Pac. 274, Ann. Cas. 1916D, 502; *State v. Decker,* 77 Neb. 33, 108 N. W. 157; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; *Garfinkle v. Sullivan,* 37 Wash. 650, 80 Pac. 188; *Knewel v. Egan,* 268 U. S. 442, 45 Sup. Ct. 522, 69 L. ed. 1036; *Application of Gillard,* 105 Neb. 84, 179 N. W. 396; *Ex parte Murray,* 112 S. C. 342, 99 S. E. 798, 5 A. L. R. 1152; *Davis v. Smith,* 7 Ga. App. 192, 66 S. E. 401; *Edmonson v. Ramsey,* 122 Miss. 450, 84 So. 455, 10 A. L. R. 380, and note thereto.) The principle espoused by the latter cases appears to be supported, in principle at least, by this court in *Kootenai County v. Hope Lumber Company,* 13 Ida. 262, 89 Pac. 1054, wherein it was held that there was nothing in the contention that an appeal taken by the county should be dismissed since not taken by or in the name of the attorney general of the state. The motion to dismiss the appeal should be and is denied.

 Petitioner was charged with the commission of the crime of burglary and was convicted thereof by a jury of

twelve men. The record of the proceedings is in all respects regular upon its face. In his petition in the *habeas corpus* proceeding petitioner sets out that one of the jurors was disqualified, he being in fact an unpardoned felon released on a ''floaters'' parole from the Washington state penitentiary at the time he sat as a juror in the trial of petitioner. Such disqualification was not made to appear on the *voir dire* examination. It is urged that the jury thus consisted of but eleven men and that petitioner was therefore deprived of his constitutional right of trial by jury. As heretofore stated, in so far as the record discloses petitioner was tried by a jury of twelve men, the alleged disqualification of the one juror was attempted to be proved by independent evidence in the *habeas corpus* proceeding. The general doctrine has been announced in this state that *habeas corpus* is a collateral remedy, and an assault upon the judgment, and where nothing to the contrary appears in the record it will be conclusively presumed that the court had full jurisdiction, and that all proceedings were regular. Entries in the record of a court of general jurisdiction import verity, and cannot be questioned on *habeas corpus*. (*Ex parte Allen*, 31 Ida. 295, 170 Pac. 921; *In re Moyer*, 12 Ida. 250, 85 Pac. 897, 118 Am. St. 214, 12 L. R. A., N. S., 227; *Moyer v. Nichols*, 203 U. S. 221, 27 Sup. Ct. 121, 51 L. ed. 160; *In re Pettibone*, 12 Ida. 264, 85 Pac. 902; *Pettibone v. Nichols*, 203 U. S. 192, 27 Sup. Ct. 111, 51 L. ed. 148; *In re Haywood*, 12 Ida. 264, 85 Pac. 902; *In re Knudtson*, 10 Ida. 676, 79 Pac. 641. See, also, *Ex parte Ryley*, 108 Cal. App. 544, 291 Pac. 847; *Ex parte Leonardino*, 9 Cal. App. 690, 100 Pac. 708; *Ex parte Vitalie*, 117 Cal. App. 553, 4 Pac. (2d) 171; *Ex parte Bergman*, 3 Wyo. 396, 26 Pac. 914; 12 R. C. L. 1185, sec. 8, p. 1240, sec. 59; 13 Cal. Jur. 217, sec. 4; *Ex parte Murphy*, 79 Cal. App. 64, 248 Pac. 1044.) The foregoing doctrine was in effect applied in *In re Corcoran*, 6 Ida. 657, 59 Pac. 18, wherein it was held that in an application of *habeas corpus*, the matter of drawing, summoning, and impaneling of the grand jury, which found the indictment under which the petitioner was convicted, are not proper matters for consideration. The general rule has been expressed that the

manner and method of selecting the trial jury is not a question that can be reviewed in a *habeas corpus* proceeding. (29 C. J., sec. 39, p. 48; *In re Schneider,* 148 U. S. 162, 13 Sup. Ct. 572, 37 L. ed. 406; *Ex parte Wilkins,* 7 Okl. Cr. 422, 115 Pac. 1118; *In re McNaught,* 1 Okl. Cr. 528, 99 Pac. 241; *Commonwealth ex rel. Ross v. Egan,* 281 Pa. 251, 126 Atl. 488.) In *Ex parte Bracklis,* 52 Cal. App. 274, 198 Pac. 659, is a situation similar to that herein, the disqualification urged being that the juror was not in possession of his natural faculties, the court said:

"It is a general doctrine in this state that a party on trial must depend upon his examination of the jurors on *voir dire* to acquaint himself with their qualification, and that he cannot raise the point after verdict. This rule is so pronounced that he cannot even raise the point for the first time on motion for a new trial or on appeal. Still less can it be raised on *habeas corpus,* where only jurisdictional matters may be inquired into . . . . But petitioner is not seeking the proper remedy. There was at most, no such wide departure from the established forms of procedure as to render the whole judgment void. He had an ample remedy in the court below, of which remedy he should have availed himself. He should have moved the court on a proper showing to set aside the judgment. This method of procedure is sustained in the case of *People v. Perez,* 9 Cal. App. 265, 98 Pac. 870. This proceeding is in the nature of a writ of error *coram nobis,* and, while not such in form, it answers the same purpose. *People v. Silver,* 154 Cal. 556, 98 Pac. 543."

See, also, *People v. Henderson,* 28 Cal. 465; *People v. Evans,* 124 Cal. 206, 56 Pac. 1024; *People v. Boren,* 139 Cal. 210, 72 Pac. 899; *People v. McFarlane,* 138 Cal. 481, 71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245; Thompson & Merriam on Juries, 337, sec. 302.

The judgment of the trial court is reversed and the cause remanded with instructions to dismiss the writ and remand the petitioner to the custody of the warden.

Ailshie, C. J., and Given, J., concur.

Holden, J., concurs in the conclusion reached.

688

MORGAN, J.—I concur in the result, but believe the court should decide, definitely, whether the appeal can be prosecuted by the state on relation of the warden of the penitentiary. The opinion leaves me in doubt as to what the decision is on that question.